15 So.2d 727

### BURDETTE v. BURDETTE.

5 Div. 389.

Supreme Court of Alabama.

Nov. 26, 1943.

Hines & Hines, of Lafayette, for appellant.

15 So.2d 735

**SWANN v. WADSWORTH.**

7 Div. 768.

Supreme Court of Alabama.
Nov. 26, 1943.

No Attorney marked for appellee.

BROWN, Justice.

Bill by the wife against the husband for divorce alleging—to state the grounds in the language of the allegation in the bill, "Respondent on, to-wit: June 29, 1942, committed actual violence on the person of the Complainant attended with danger to life and health, and from his conduct there is reasonable apprehension of such violence if the Complainant continued to live with him."

The bill was not answered, but a decree pro confesso was taken, and on submission for final decree on the pleadings, decree pro confesso and depositions taken before the register, the court entered a decree dismissing the bill, without prejudice.

The depositions of the witnesses were, more or less, in stereotype form, stating, not the facts and circumstances attending the commission of violence on the complainant, but conclusions such as, "that such violence was attended with danger to my life and health and from his conduct there was reasonable apprehension of such violence if I continued to live with him." This was a mere conclusion which it was the province of the court to draw and was wholly insufficient to support the allegations of the bill. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685.

Notwithstanding the decree pro confesso, and § 39, Tit. 34, Code 1940, the burden was on the complainant to prove the grounds of divorce by competent legal evidence. The decree could not be supported by the mere confession of the defendant. Code 1940, Tit. 34, § 26.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.