19 So.2d 723

## PITTMAN v. PITTMAN.
### 4 Div. 349.

Supreme Court of Alabama.

Nov. 16, 1944.

A. L. Patterson, of Phenix City, for appellant.

164

No attorney for appellee.

FOSTER, Justice.

This is a suit in equity for the annulment of a marriage for that respondent was married to another woman who was then his lawful wife. The trial court denied relief on the ground of the uncertain nature of the evidence, and because the certificate of the former marriage is not authenticated so that it may be used in evidence. The witnesses were not examined in court before the judge rendering the decision. He probably would have granted relief, if he had found that the certificate of the former marriage had been properly authenticated. In holding that it was not so, we think he overlooked the rule declared in Hawes v. State, 88 Ala. 37 (12 and 13), 7 So. 302. In that case the certificate of the record of a marriage license and of the marriage under it were in the form introduced in the instant case. The certificate in the instant case was under the seal of the Court of Ordinary; signed by the ordinary. There was also introduced evidence of the statute of Georgia showing that the ordinary is the legal custodian of records of marriage licenses and of marriages performed by that authority. This was likewise done in the Hawes case, supra. That case construed what is now Title 7, section 386, Code of 1940, section 2780, Code of 1886, in connection with the Act of Congress,—Title 28, section 688, U.S.C.A.,—and held that the Act of Congress was not exclusive in its operation, though mandatory as a rule of evidence, when it is complied with, and that the state is free to adopt less stringent rules for the introduction of copies of the records of other states; and that section 2780, supra, and what is now Title 7, section 386, Code of 1940, is the adoption of such a rule, and when complied with the copy so certified is admissible though the Act of Congress was not complied with.

Since that case was decided the legislature inserted in the Code of 1923 a section (7715) which is a reproduction of the Act of Congress, supra (Title 7, section 428, Code of 1940), but also retained section 2780, Code of 1886, dealt with in the Hawes case, supra, and it became section 7674 of the Code of 1923, now Title 7, section 386, Code of 1940. That feature of the law has not been changed since the Hawes case, supra.

It was also held in the Hawes case, supra, that the code of Mississippi was properly admitted in evidence to show what office in that state is the custodian of its records of marriages. That was done in the instant case as to the law of Georgia, here applicable.

■ The only question which results from this status is whether the adoption of the act of Congress, supra, changed the construction which the Hawes case, supra, had put on section 2780, Code of 1886. It is our view that its adoption into our Code serves to apply to situations there expressed which are not controlled by some other law of Alabama which has more specific and direct application. Such is the general rule of statutory construction. 18 West's Ala.Dig., Statutes, § 225½, p. 132.

■ The parties to this suit having been regularly married pursuant to the laws of Alabama, it will be presumed that such marriage was valid, and complainant seeking to annul it has the burden of proving its invalidity. Walker v. Walker, 218 Ala. 16, 117 So. 472; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So. 2d 46; Freed v. Sallade, 245 Ala. 505, 17 So.2d 868.

■ The bill of complaint was not answered but decree pro confesso taken on motion by publication. A decree of divorce will not be granted on decree pro confesso without satisfactory proof. Burdette v. Burdette, 245 Ala. 26, 15 So.2d

727; Linn v. Linn, 242 Ala. 688, 8 So.2d 187.

While this principle and section 26, Title 34, Code of 1940, have more direct reference to divorce proceedings, we think the interest of the public in annulment proceedings as in those seeking a divorce (see 17 Amer. Jur. 361, notes 14 and 15) is such that the court should not grant a decree of annulment unless the proof shows that complainant is entitled to such a decree; and our Equity Rule 32, Code 1940, Tit. 7 Appendix, so declares.

We assume that the trial judge was misled into a supposition that the certified license and marriage record of Georgia was insufficient, since it did not comply with the Act of Congress. With that certified transcript in evidence together with the applicable statute of Georgia, we think the evidence was sufficient to support the allegations of the bill of complaint. A decree will be here rendered granting relief and annulling the marriage.

Reversed and rendered.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.