97 So.2d 809

Sarah Ann (Key) BARNETT

v.

William G. BARNETT.

8 Div. 905.

Supreme Court of Alabama.

Oct. 31, 1957.

See also, post, 490, 97 So.2d 810.

Potts & Young, Florence, for appellant.

Harold T. Pounders, Florence, for appellee.

SIMPSON, Justice.

Sarah Ann Barnett prosecutes this appeal seeking to set aside a divorce decree rendered against her. The argument is that the court erred in rendering the decree because the evidence was insufficient. The only evidence was the deposition of the complainant. Its material part is as follows:

"* * * the respondent has treated me in a cruel and inhuman manner, she has repeatedly committed acts of violence on my person by striking me and threatening to strike me; she has cursed and abused me. Said acts of violence were done with danger to my life and health and from her conduct there is reasonable apprehension of further violence should I continue to live with her."

This was but a repetition of the allegations of the bill of complaint and stated merely conclusions, not facts.

Where a divorce suit is submitted on pleadings and depositions, there is no presumption indulged in favor of the ruling of the trial court. Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917. Likewise, the burden of proof is upon the complaining party to establish the statutory grounds for divorce. Ussery v. Ussery, 259 Ala. 194, 66 So.2d 182.

This case is very similar to the case of Burdette v. Burdette, 245 Ala. 26, 15 So. 2d 727. There the wife was seeking a divorce from the husband. Upon submission, the trial court held the depositions, which numbered three in contrast to the one here, insufficient. This court there stated:

> "The depositions of the witnesses were, more or less, in stereotype form, stating, not the facts and circumstances attending the commission of violence on the complainant, but conclusions such as, 'that such violence was attended with danger to my life and health and from his conduct there was reasonable apprehension of such violence if I continued to live with him.' This was a mere conclusion which it was the province of the court to draw and was wholly insufficient to support the allegations of the bill. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685."

So here, the deposition of appellee was merely a statement of conclusions. No facts or circumstances were given to enlighten the learned trial Judge and to guide him in the rendering of a proper decree. On authority of Burdette v. Burdette, supra, we must and do hold that the decree must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.