97 So.2d 810

Sarah Ann **BARNETT**

v.

**William G. BARNETT.**

8 Div. 921.

Supreme Court of Alabama.

Oct. 31, 1957.

Potts & Young, Florence, for appellant.

Pounders & Wilson, Florence, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the law and equity court, in equity, of Lauderdale County, awarding custody of a 2½ year old boy to his father.

On March 6, 1957, the father filed in said court a bill of complaint (docketed as Case No. 6187) against the child's

mother (appellant) in which he alleged that the parties were divorced by decree of that court rendered on March 4, 1957; that, by agreement (apparently verbal) with the mother, the father was to take the child, the mother was to withdraw her cross-bill filed in the divorce proceeding, and the father was to have custody and control until such time as the mother should avail herself of a suitable place to care for the child. It is alleged that the father assumed custody but, on the next day (March 5), the mother gained custody by taking the child without the father's consent. The prayer of the bill is for an order "directing the sheriff to go forthwith and take possession of said child wherever he may be found and place him in the custody of complainant pending further orders of this court," and for a decree that complainant "be given complete custody and control of said minor child." On the same day the bill was filed the court issued an order directing the sheriff to take possession of the child and deliver him to the father. And, on the same day, this order was complied with. The mother answered the bill on March 14, 1957, denying all of its allegations except those showing the rendition of a decree of divorce, and made her answer a cross-bill. In the cross-bill she alleges, among other things, that she "is a suitable and proper person to be given the care, custody and control of the minor child" and that the father "is not a suitable and proper person to be given the custody of any minor child." The cross-bill prays for an order directing the sheriff to take possession of the child and deliver him to the mother, and that a decree be rendered giving her complete custody and control of the child.

The record does not show any answer to the cross-bill. However, evidence was taken on April 2, 1957, and on April 19 a decree was rendered awarding complainant "the custody and control of the child, Gerald Mitchell Barnett, provided he keeps said child in the home of said complainant's parents and subject to the joint control and care of his said parents", with the right of visitation by the mother "in the home of complainant's parents one time each week, so long as she properly conducts herself and does not enter into any quarrels, or bickering." It is also provided that "she shall once each two weeks have the right to take said child from the Barnett home, to her home and keep him from 9:00 a. m. to 6:00 p. m. on Sunday of said week, which shall be not on the same week she visits in the Barnett home." This appeal is from that decree.

The divorce case between these parties is under submission here in 8 Div. 905, Ala., 97 So.2d 809.[1] We have examined the record in that case to determine the nature of the proceedings there had. We find that the bill for divorce was filed in the law and equity court, in equity, of Lauderdale County, on February 5, 1957, and docketed as Case No. 6171. As originally filed it contained a prayer that complete custody and control of the parties' minor child be awarded to the father. The wife answered the bill on February 13, 1957, making her answer a cross-bill, and by the cross-bill sought a divorce, custody of the minor child and allowances for the child. On March 4, 1957, she withdrew her cross-bill and agreed that the cause could be submitted for final decree without further notice to her.

Submission for final decree was had on March 4, 1957, and a decree of divorce was granted complainant on the same day. In his deposition taken in the case complainant had this to say: "I have prayed in my petition that the court grant me the custody and control of my minor child, Gerald Mitchell Barnett. I withdraw this particular prayer and show unto the court that I have reached an agreement with the respondent and cross-complainant in this cause and that I will have the temporary care and control of said child, until such time as the respondent and

492

cross-complainant shall avail herself of a suitable place in which to care for the minor child." The divorce decree makes no mention of custody or allowances. It simply decrees a divorce in favor of the father for and on account of cruelty.

It is apparent that the trial judge considered the case now before us as though it were a petition or proceeding to change the child's custody on the basis of a change in conditions. But that is not the situation. There was no prior decree awarding custody to be modified or changed. This is not a case where the parties' agreement as to custody has become merged into a divorce decree by reason of the court's express approval of the agreement in such decree. See Worthington v. Worthington, 224 Ala. 237, 238, 139 So. 334.

The decree of divorce appealed from in 8 Div. 905, supra, has been reversed and the cause remanded to the trial court. We think the same should be done with respect to the decree in the case now before us so that the right to custody of the infant child may be determined on the basis of an original proceeding for such custody.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.