109 So.2d 717

Sarah Ann [Key] BARNETT

v.

William G. BARNETT.

8 Div. 942.

Supreme Court of Alabama.

Feb. 19, 1959.

John R. Barnes, Florence, for appellant.

Pounders & Wilson, Florence, for appellee.

GOODWYN, Justice.

This is an appeal from a final decree of the law and equity court of Lauderdale County, in equity, granting a divorce to the appellee-husband (complainant below) on the ground of cruelty (Code 1940, Tit. 34, § 22, as amended by Act No. 487, appvd. Sept. 30, 1947, Gen.Acts 1947, p. 336), awarding him custody of the parties' three and a half year old son, and denying to appellant-wife (respondent and cross-complainant below) the relief sought in her cross-bill.

There have been two prior appeals before us involving this marital controversy. Barnett v. Barnett, 266 Ala. 489, 97 So.2d 809; Barnett v. Barnett, 266 Ala. 490, 97 So.2d 810. On remandment to the trial court both of those cases were consolidated and a new hearing was had on amended pleadings, all by agreement of the parties. The husband's amended complaint sought a divorce on the ground of cruelty and custody of the child. The wife's cross-complaint sought similar relief and also alimony, support for the child and counsel fees.

There are two points argued. One concerns the propriety of the decree in awarding custody to the father. The other relates to the propounding by the trial judge of questions to the appellant in the course of her examination as a witness. No insistence is made that error was committed in granting a divorce in favor of the husband and denying such relief to the wife; nor is any question presented as to the denial of alimony.

In determining which parent in a divorce suit is entitled to the custody of their minor child, each case must be decided on its own peculiar facts and the personalities involved. Gardiner v. Willis, 258 Ala. 647, 650, 64 So.2d 609; Green v. Green, 249 Ala. 150, 152, 30 So.2d 905; Sneed v. Sneed, 248 Ala. 88, 90, 26 So.2d 561. The controlling consideration in awarding custody is the welfare and best interest of the child. Gardiner v. Willis, supra; Green v. Green, supra; Hammac v. Hammac, 246 Ala. 111, 113, 19 So.2d 392; Worthy v. Worthy, 246 Ala. 52, 54, 18 So.2d 721. In the light of these principles we have given careful consideration to the evidence, all of which was taken orally before the trial judge, and are not prepared to say that error was committed in awarding custody of the child to the father. As said in Sneed v. Sneed, supra [248 Ala. 88, 26 So.2d 562]:

"* * * The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees. * * *"

It is argued that since the child is "of such tender age as to require the care and attention that a mother is especially fitted to bestow upon it, the mother, rather than the father, is the proper custodian unless, of course, for some reason she is unfit for the trust." See Hawkins v. Hawkins, 219

Ala. 31, 32, 121 So. 92. We have given due consideration to this principle and are not persuaded that the trial court's conclusion from the evidence as to what is best for the child is laid in error.

As to the other point argued, we need only to observe that appellant interposed no objection whatever to the questioning by the trial judge. See 88 C.J.S. Trial § 118, p. 240. It should be noted that there was no jury to be influenced by the manner of questioning. It seems obvious that the questioning was for the purpose of aiding the trial judge in arriving at the truth. We find no reversible error in his questioning of appellant. 53 Am.Jur., Trial, § 75, p. 74; 3 Am.Jur., Appeal and Error, §§ 1052–1056, pp. 604–606. Cf. Kissic v. State, 266 Ala. 71, 74, 94 So.2d 202; Anderson v. State, 35 Ala.App. 111, 117, 44 So.2d 266.

The decree appealed from is due to be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.