169 So.2d 321

**INTERSTATE LIFE & ACCIDENT INS. CO.**

v.

**John BYRD.**

**4 Div. 150.**

Supreme Court of Alabama.

Nov. 19, 1964.

Whitesell & DeMent, Montgomery, for appellant.

Lynn W. Jinks, Jr., Union Springs, for appellee.

COLEMAN, Justice.

The defendant appeals from a judgment for the plaintiff, on verdict of a jury, in

**300**

two consolidated actions brought by the beneficiary named in two life insurance policies to recover for death of the insured resulting, in one action, from "bodily injuries effected directly and independently of all other causes through * * * * accidental means," and, in the other action, "through external, violent and accidental means, viz.: by being run over, upon, or against by an automobile of which there was a visible contusion or wound on the exterior of the body, * * * *"

The defendant pleaded the general issue, with leave, etc., and specially, that defendant is not indebted because of a policy exclusion which provides that no payment shall be made under this provision for death which results, among other things,

"(f) while the Insured is under the influence to any extent of any alcoholic drink."

Defendant argues that the court erred in refusing to grant its motion for new trial on the ground that the court erred in admitting into evidence plaintiff's exhibit which is referred to as a certified copy of a certificate of the death of insured.

The exhibit is a printed form. It is divided into a number of rectangular spaces, in each of which are printed certain words, such as "USUAL RESIDENCE," "NAME OF DECEASED," "AGE," "PLACE OF DEATH," etc. Space is provided for listing the designated information.

The printed words in space 21 recite as follows:

---

"21. I attended the deceased from _____, to _____ and last
her
saw him alive on _____

Death occurred at _____m. on the date stated above; and to the best of my knowledge, from the causes stated."

---

In space 21, on the same line as and following the words "Death occurred at _____," there are typewritten on the form the following letters and figures: "?11:50 P." Nothing else is typed or written in space 21.

Immediately under space 21 appears space 22, in which are printed the following words:

---

"22a.  SIGNATURE (Degree or title) 22b. ADDRESS 22c.    DATE
SIGNED"

---

Under the word "SIGNATURE," there appears a handwritten signature which is not completely legible. It may be: "C. L. Heyward." The signature is followed by typewritten words as follows: "Dep. Coroner, CC." Under ADDRESS is typed: "Charleston, S.C.," and under DATE SIGNED: "4/4/61."

Stamped on the face of the form, in two places, the following printed words appear:

"Coroner's Certified Copy
Certificate of Death
Charleston County, S. C."

These stampings are at an angle of about 45 degrees with the horizontal lines of the exhibit, and are on the side opposite that on which the signature appears.

Plaintiff contends that the exhibit is admissible in evidence under § 386, Title 7, Code 1940, which recites:

"Registers of marriages, births, and deaths, kept in pursuance of law, or any rule of a church or religious society, may be certified by the custodian thereof; and when so certified, are presumptive evidence of the facts therein stated, as well as of the law or rule in pursuance of which such registry was made, and of the authority to certify the same."

Both parties cite the two cases next discussed, which construe what is now § 386, Title 7.

In Hawes v. State, 88 Ala. 37, 7 So. 302, a prosecution for murder, this court held that the trial court did not err in admitting in evidence a purported copy of the record of a bond and marriage license authorizing the marriage of R. R. Hawes and May Storey, with the return of the officiating minister. The evidence was introduced by the state. The certificate, certifying the correctness of the paper as a copy of the record, purports to have been made by the clerk of the Circuit Court of Lowndes County, Mississippi. See 88 Ala. 43, 7 So. 302, for language of certificate. The clerk's certificate recites that the "annexed pages contain a true and perfect copy of the original" papers as same appear of record in his office. The state introduced also certain statutes of the State of Mississippi.

In Pittman v. Pittman, 246 Ala. 163, 19 So.2d 723, in suit to annul a marriage, where Georgia statutes had been introduced and showed that the ordinary is the legal custodian of records of marriages; where the record of the marriage, together with the certificate of the ordinary attached thereto, under Seal of the Court of Ordinary and signed by the ordinary, was introduced in evidence; and where the ordinary's certificate was in the form of the certificate in Hawes v. State, supra; this court held that the certified copy of the record of a marriage in the State of Georgia was properly in evidence and sufficient to support the allegations of the bill of complaint.

Pressed into plaintiff's exhibit in the case at bar is a seal, not wholly legible, which is probably that of a coroner in South Carolina. The exhibit bears no statement that it is a true and correct copy of any records in any office, although the words, "THIS IS A PERMANENT RECORD," together with other statements, are printed in a vertical line on the margin of the paper. The exhibit bears no certificate at all, unless the two stamped notations can be called a certificate or certificates. We do not think they constitute certification. There is certainly no certification on plaintiff's exhibit that it is kept in any office or is a copy of a record kept in any office.

§ 386 recites that registers of death, kept in pursuance of law may be certified by the custodian thereof, and, when so certified, are presumptive evidence, etc. We are unable to affirm that the instant exhibit is so certified, and for that reason are of opinion that overruling defendant's objection to admitting the certificate into evidence was error. Without the statute, the exhibit is inadmissible because it is hearsay. Where the statute has not been complied with, the exhibit remains hearsay, and, therefore, is inadmissible.

Plaintiff calls to attention the provision of § 386 that when a register of marriages, etc., kept in pursuance of law, "when so certified," is also presumptive evidence of law in pursuance of which the registry was made. It may be that a record or certificate could be so drawn that it would be evidence of law and the authority of the custodian. That is certainly not the case here. There is no recital of any law in plaintiff's exhibit. Even in the Hawes and Pittman cases, the party offering the copy of the record from another state, not only did not rely on the certificate to prove the law of the other state, but also offered in evidence copies of the laws themselves. There is, in the instant case no certificate, and, consequently, no presumptive evidence of any law.

Plaintiff says that if admitting the exhibit be error, it is error without injury because,

even without the exhibit, there remains sufficient evidence to support the verdict. It is true that there is testimony, given by plaintiff himself, that he saw the body of insured, the neck was broken, it had knots on face and neck, and there were other places that were battered and bruised.

The exhibit contains the following typewritten recitals:

"DEATH WAS CAUSED BY: Massive Chest Injuries"

"Apparently struck by automobile (Found in street)".

We do not think it can be said that the exhibit, bearing the appearance of an official document, had no effect on the jury in finding that insured died through external, violent, and accidental means.

In view of another trial, we pretermit defendant's insistence that it was entitled to the affirmative charge.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.