This is an appeal from the denial of a divorce. We reverse.
The parties have been married for forty years. They are barely literate, but are hard working, frugal people. The husband is a coal miner and earned over $13,000 in 1976. For several years the wife has had serious health problems and has seen a psychiatrist. Through self denial and careful handling the parties have accumulated a substantial estate. They own a brick house with forty acres of land and have savings of over $75,000.
In 1976 the husband moved from the home of the parties and began sleeping in a trailer which he owned and had previously located on his property. The trailer was also occupied by a young couple and their children. The husband continued to pay the utilities at the home, provide some food, daily visit the home, and feed the livestock. He failed to give the wife money and was continually critical of her for petty things such as drinking too many soft drinks. The husband has now irrevocably assigned to the wife income from $40,000 of the savings. This will give her an income of $250 per month.
The only issue on appeal is whether the trial court erred in refusing to grant the divorce on the ground of incompatibility.
After careful review of the evidence and of the judgment of the trial court, we find a remarkable resemblance to the case of Dyal v. Dyal, 54 Ala. App. 206, 307 So.2d 17 (1975). It is evident that the learned and compassionate trial judge refused to grant the wife a divorce in this case because he felt she would be better off to remain married. Though he found in the judgment that a state of incompatibility did not exist between the parties and that an irretrievable breakdown of the marriage had not occurred, the evidence does not support such a finding. Of course, if one takes the position, as did the husband, that the state of the marriage was as good as it had ever been, perhaps there had been no great change. However, the wife in succinct language said that the husband had run over her for forty years and she thought that was long enough. In her words she said, "No sir, it's finished. When Christ hung on the cross, he said `Lord forgive them, it's finished'. I have nothing in common, nothing to look forward to. He's never helped me in any way. I'll have to go it on my own."
The husband did not deny that the parties did not get along. He merely said they got along as well as they did thirty years ago. That is not a denial of incompatibility, but a statement of status quo. The wife said forty years of being run over was enough. There is no reason to deny a divorce now because the parties may have long endured a state of incompatibility. Certainly the relationship of the parties is not now the same as it has been for thirty years. They no longer live in the same house and attempt to preserve a conjugal *Page 1123 
appearance. The wife unequivocally refuses to resume such a relationship.
We indicated in Dyal v. Dyal, supra, that if the state of incompatibility is declared by either party to exist and the evidence, either objective or subjective, supports the existence of such a state, the court must grant a divorce under the statute. Who caused the existence of the condition and whether the granting of the divorce may be detrimental to the best interest of one or both of the parties are not reasons for an exercise of judicial discretion in denying a divorce.
We fully recognize that the trial judge felt that a divorce would be detrimental to the best interest of the wife in many ways, such as loss of United Mine Workers sick benefits and survivor's pension and we commend his concern. However, in the absence of a state of incompetency, we must assume the wife capable of determining her own best interest with advice of counsel. We, therefore, find the trial court erred in applying the law to the evidence, Collier v. Brown, 285 Ala. 40,228 So.2d 800 (1969); Dyal v. Dyal, supra. The judgment is reversed and the cause is remanded.
Counsel for the wife is granted an attorney fee of $500 on appeal, which fee is ordered paid by the husband.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.