This is a divorce case. The only contested matter for our decision involves the sufficiency of the evidence to prove that the parties had such a complete incompatibility of temperament that they could no longer live together. Accordingly, our decision, and the recital of facts herein shall respond only to such question.
The plaintiff filed her complaint seeking a divorce, alleging incompatibility. The defendant was personally served with a copy thereof, but he did not plead to the complaint. In due time the clerk entered a default judgment. The judge rendered the divorce judgment upon the plaintiff's written testimony which was as follows pertaining to the ground of divorce: *Page 1121 
 I separated from him May 2, 1979 because there was a complete incompatibility of temperament, our life styles differed, our interests differed, there was discord in the home and there has been an irretrievable breakdown of our marriage relationship.
The defendant moved to set aside the judgment on the ground that such evidence of incompatibility was insufficient as a matter of law to warrant the court to grant a divorce. The motion of the defendant was denied by the trial judge, hence this appeal.
One of the grounds of divorce in Alabama is "for adultery." Section 30-2-1 (a)(2), Code of Alabama (1975). If the only evidence is that the parties separated because the defendant "committed adultery," the evidence is insufficient because it merely states a conclusion, and a judgment of a lower court dismissing the complaint will be affirmed on appeal. Wakefieldv. Wakefield, 217 Ala. 517, 116 So. 685 (1928).
Where the divorce evidence merely tracked the language of the cruelty statute, it is insufficient, being a mere conclusion.Burdette v. Burdette, 245 Ala. 26, 15 So.2d 727 (1943).
Incompatibility of temperament as a ground for a divorce is stated as follows:
 Upon application of either the husband or wife, when the court is satisfied from all the testimony in the case that there exists such a complete incompatibility of temperament that the parties can no longer live together. § 30-2-1 (a)(7), Code of Alabama (1975).
In applying Wakefield and Burdette to the incompatibility statute, evidence would be insufficient if it merely followed the language of the quoted code section; however, the evidence in the case at bar went further and we must test it against the few cases construing § 30-2-1 (a)(7).
Where a divorce is sought on the basis of incompatibility of temperament, the primary question is whether conflicts and difficulties between the parties are so deep and irreconcilable that it is impossible for the parties to continue a normal marriage relationship. Helton v. Helton, 362 So.2d 257
(Ala.Civ.App. 1978); Phillips v. Phillips, 49 Ala. App. 514,274 So.2d 71 (1973); 24 Am.Jur.2d 323; 58 A.L.R.2d 1218. The inquiry is as to the suitability of spouses for each other as shown by the reality of their married life. Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254 (1974). If the state of incompatibility is declared by either party to exist and the evidence, either objective or subjective, supports the existence of such a state, the court must grant a divorce.Kegley v. Kegley, 355 So.2d 1121 (Ala.Civ.App. 1977).
In addition to the conclusionary tracking of the statute, the plaintiff testified that she "separated from him" on account of the incompatibility and her testimony included certain factual conclusions that "our life styles differed," or "our interests differed," "there was discord in the home" and "there has been an irretrievable breakdown of our marriage relationship." Such factual conclusions are over and beyond the stark statutory conclusions which are condemned. In considering the evidence as a whole, and all reasonable and proper inferences therefrom, the testimony of the plaintiff is sufficient to prove the ground for a divorce. While the testimony is not a paragon of clarity, such proof does meet the "bare bone" tests of adequacy as established by prior decisions.
The decision and judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1122