This is a divorce case.
After reviewing the entire record in accordance with the presumptions which apply to the trial court's final judgment, the following facts are revealed as being pertinent to the issues which are raised on this appeal.
When the parties were married in 1972, the wife was fifteen years of age and the husband was twenty. Two sons, now eleven and seven years, were born of their union. This couple had separated on approximately five occasions prior to their final separation, which occurred in August 1984 because of personal problems. They had fussed and fought over their entire married life. Almost a week before they last separated, they argued and the husband hit and choked the wife, whereupon she admitted to having had an affair with a fellow employee for the previous year or two.
The wife has had steady employment since 1974. At this time her take-home pay is $1,400 a month. The husband has not had regular employment since 1978. He does odd jobs and states that he makes from $75 to $125 on those weeks when he works. He contends that he is not physically able to toil, but he was denied disability benefits from social security. Since the husband has not been regularly employed, his contribution to the household expenses has been just "odds and ends," with the wife's wages providing the funds for groceries and other household and family expenses.
The parties had accumulated the following property:
(1) A four-acre lot which was bought in 1977 for $1,000. They moved a house onto it in 1980. There was evidence that the wife paid all of the purchase price for the lot, for the house, and for all of the materials to repair and renovate it. The husband and some of his relatives performed the actual repairs to the home. He signed the checks upon a joint bank account for the expense of moving the house. Their home is free of any indebtedness.
(2) A television satellite disc is situated at the home. The wife has made each payment upon it, and some indebtedness is still due against it.
(3) The wife possessed a 1978 Cougar automobile which was in the husband's name but which has been totally paid for by the wife except for one installment which had not fallen due.
(4) A pickup truck and Mustang automobile are in the husband's name and possession. The wife paid for those vehicles in full and no debt is owed against them.
(5) All furniture in the house was purchased and completely paid for by the wife from her funds.
(6) The wife saved $5,000 from her wages and she invested those savings in two $2,500 certificates of deposit.
(7) The wife gave $1,400 to the husband shortly before the trial to enable him to pay fines totaling $1,000 and court costs which had recently been imposed against him in criminal convictions. He still possessed that money at trial time. *Page 262 
(8) The husband had some mechanic's tools.
Some of the above facts were in dispute and were controverted by the husband.
After an ore tenus trial the circuit court divorced the parties on account of incompatibility of temperament and awarded custody of the two boys to the wife, with the husband to pay her $125 per month as child support. The $1,400 which the wife had given to the husband, the Mustang automobile, the pickup truck, the husband's personal effects, and his mechanic's tools were granted to him. The wife was given the right to use the family home, the four acres, and the satellite until she remarries, abandons the premises, or the children are emancipated, and, when the first of those events occurs, the home shall be sold and the net proceeds divided equally between the parties. The wife is to be responsible for paying the debt due upon the satellite disc. Except for the home and for those items which were granted to the husband, all of the other assets which we have previously listed were given to the wife and she was required to pay any indebtedness against those items.
The husband appealed and argues that the evidence was insufficient to grant a divorce upon the ground of incompatibility and that it should have been granted because of the wife's adultery.
 "Where a divorce is sought on the basis of incompatibility of temperament, the primary question is whether conflicts and difficulties between the parties are so deep and irreconcilable that it is impossible for the parties to continue a normal marriage relationship. Helton v. Helton, 362 So.2d 257 (Ala.Civ.App. 1978); Phillips v. Phillips, 49 Ala. App. 514, 274 So.2d 71 (1973); 24 Am.Jur.2d 323; 58 A.L.R.2d 1218. The inquiry is as to the suitability of spouses for each other as shown by the reality of their married life. Gamble v. Gamble, 53 Ala. App. 168, 298 So.2d 254 (1974). If the state of incompatibility is declared by either party to exist and the evidence, either objective or subjective, supports the existence of such a state, the court must grant a divorce. Kegley v. Kegley, 355 So.2d 1121 (Ala.Civ.App. 1977)."
Clark v. Clark, 384 So.2d 1120, 1121 (Ala.Civ.App. 1980). Here, the totality of the circumstances regarding the marital life of this couple was such that, in reality, their marriage was finished. Neither party desired to remain married to the other, and the testimony revealed many fights, arguments, separations, and much distrust. Since the evidence supports the existence of a state of incompatibility of temperament, we do not fault the trial court in granting the divorce on that ground.
Able counsel for the husband next argues that the trial court abused its discretion; that the division of the property was inequitable.
Even though the divorce was granted on incompatibility, fault can be considered in making a division of property. Miller v.Miller, 361 So.2d 577 (Ala.Civ.App. 1978). That case also reiterates the application of the ore tenus rule to such an issue. Accordingly, this court must consider the judgment to be factually correct unless it was palpably wrong. The trial court has a discretion to exercise in making a division of property, and the awards of property may not be disturbed by us unless the judgment was so unsupported by the legal evidence as to be so arbitrary, unjust, or capricious that it constitutes a clear abuse of the trial court's discretion. Miller v. Miller, supra.
After considering that the wife was admittedly at fault, that the husband was awarded a truck, an automobile, and $1,400 in cash which all came from the wife's labors, and that he will receive one-half of the net proceeds of the house sale even though she paid for the real estate, the house, and the materials for its renovation, and after giving further consideration to the evidence that she was the source of the funds used for the purchase of all of the property which was awarded to her, that she has largely supported the family for the past six years, and that the husband's *Page 263 
employment record for the last half of their marriage has not been noteworthy, it appears that the husband received a fair share of the marital assets. The husband was liberally treated when considering the source of funds from which the various items of property were obtained, and, after giving regard to all of the factors in the case, he was equitably treated in the division of the property. We find no abuse of discretion in that regard.
The final judgment of the trial court is affirmed.
The husband's request that the wife be required to pay for his attorney's fee as to this appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.