Leone J. Hamby (wife) and David A. Hamby, Jr. (husband) were divorced by order of the Circuit Court of Baldwin County dated January 19, 1990. Prior to the entry of divorce, the attorney who represented the wife withdrew as her counsel. A motion to vacate the circuit court's judgment was filed by the wife on February 21, 1990. That motion was denied by the circuit court on March 1, 1990. This appeal followed.
The wife first contends that the circuit court erred in incorporating into the divorce decree a settlement agreement which, she alleges, was made without her consent. She next contends that the circuit court erred in granting a divorce on the grounds of incompatibility of temperament due to insufficient evidence to support such grounds.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Additionally, a trial court is afforded broad discretion in ordering the division of marital property and its judgment will not be reversed absent a showing of abuse of that discretion.Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986).
With respect to the wife's first contention that her former attorney entered into an unauthorized settlement agreement which was incorporated into the divorce decree, we find no error. In fact, the circuit court, after hearing testimony regarding the question of the authority of the wife's former attorney, concluded that at no time did the wife revoke the former *Page 582 
attorney's authority to settle this matter, but instead merely expressed her dissatisfaction with some of the terms of the agreement.
The circuit court further concluded that such authority existed with respect to all matters contained in the settlement agreement with the exception of those matters about which the wife expressly stated her dissatisfaction. Particularly, the wife related that she would not accept the terms of the agreement relating to visitation by the husband, disposition of the marital home, and the extent of the husband's obligation to maintain life and homeowner's insurance. In response, the circuit court incorporated only that portion of the settlement agreement about which there was apparently no disagreement. In fact, the wife's former attorney testified that, with the exception of those items, the wife was in accord with the remaining terms of the settlement agreement. Clearly, the original terms of the settlement agreement regarding those matters about which the wife expressed disagreement were not incorporated into the divorce decree.
In our opinion, the circuit court, taking into consideration the concerns of the wife, fashioned the order as it best saw fit. In fact, it appears to this court to be more favorable toward the wife than the original settlement agreement, which she improperly contends was incorporated in toto. Consequently, we cannot say that the circuit court, in granting such relief, abused its broad discretion to do so. Wiggins, 498 So.2d 853.
The wife next contends that there was insufficient evidence for the circuit court to grant a divorce on the grounds of incompatibility of temperament. We disagree.
A trial court may grant a divorce on the grounds of incompatibility of temperament:
 "Upon application of either the husband or wife, when the court is satisfied from all the testimony in the case that there exists such a complete incompatibility of temperament that the parties can no longer live together."
§ 30-2-1(a)(7), Ala. Code 1975.
Where a divorce is sought on such grounds, the primary question is whether conflicts and difficulties between the parties are so irreconcilable that it is impossible for the parties to remain married. Helton v. Helton, 362 So.2d 257
(Ala.Civ.App. 1978). If the state of incompatibility is declared by either party and the evidence, either objective or subjective, supports the existence of such a state, the trial court must grant a divorce. Kegley v. Kegley, 355 So.2d 1121
(Ala.Civ.App. 1977).
The wife cites Clark v. Clark, 384 So.2d 1120
(Ala.Civ.App. 1980), for the proposition that, where the evidence presented merely tracks the language of the statute, it is insufficient, being a mere conclusion. Burdette v. Burdette,245 Ala. 26, 15 So.2d 727 (1943).
Here, the wife's complaint for divorce alleged such incompatibility as a ground for seeking a divorce. Moreover, the husband admitted that allegation in his answer to the complaint and further alleged such incompatibility in his counterclaim for divorce. Also, there was testimony presented by the husband that such incompatibility existed between the parties. Finally, we note that the circuit court had the opportunity to observe the demeanor of the parties and to judge their credibility.
Therefore, we find that there was sufficient evidence, either objective or subjective, on which the circuit court could conclude that incompatibility existed so as to warrant a divorce between the parties.
In view of the attendant presumption of correctness that attaches to the circuit court's decision regarding such matters, we find that the decision of the circuit court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 583