RUSSELL, Judge.
This is a child custody case.
Bobby L. Taylor (father) filed a complaint for divorce from Judy Carol Taylor (mother) in January 1990. An initial hearing was held on February 1, 1990, after which the court awarded temporary custody of the parties three-year-old daughter to the mother, with visitation rights granted to the father. Following an ore tenus proceeding on February 28, 1990, the trial court granted a divorce and awarded the parties temporary joint custody of the minor child, pending entry of a final order. On August 21, 1990, the trial court entered a final order awarding primary custody of the child to the father. The mother’s post-trial motion for rehearing or, in the alternative, to alter or amend the decree was denied by the trial court. The mother appeals. We affirm.
The mother contends that the trial court erred in granting the father custody of the minor child because, she says, such a grant was not in the best interests of the child. We disagree.
At the outset we note that where evidence is presented ore tenus, the trial court’s determination is presumed to be correct and will be set aside only if it is plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). The trial court is uniquely situated to observe the parties and resolve issues of their credibility. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984).
Moreover, child custody is a matter resting within the sound discretion of the trial court. Cooper v. Cooper, 473 So.2d 1083 (Ala.Civ.App.1985). The primary consideration in an award of custody is the best interests and welfare of the child. Barnett v. Barnett, 268 Ala. 621, 109 So.2d 717 (1959). In making this determination, the trial court may consider a number of factors, including the age and sex of the child; her emotional, social, moral, material, and educational needs; and the characteristics of the parents seeking custody, including their age, character, stability, mental and physical health, and their respective home environments. Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988). In an action between parents involving an initial award of custody, the parties stand on equal footing, and no favorable presumption inures to either. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
*212 In the present action the trial court heard evidence from both parties and concluded that the interests of the child were best served by awarding custody to the father. The mother alleged that the father had a “violent temper” and a “vulgar mouth” and that he therefore was ill-suited to raise a young child. The father, however, disputed this testimony. While the evidence tends to show that the parties were frequently involved in quarrels, often concerning the father’s strained relations with the mother’s son from a previous marriage, there is no indication that the father was physically abusive toward the mother or his stepson. The mother herself averred that the father had not been physically abusive toward her; however, she maintained that his behavior had caused her to have low self-esteem.
The mother also testified that the father had on two occasions spanked the parties’ minor child in a manner that she believed to be too hard. The father asserts that these were normal instances of disciplining the child and that he had never spanked her in an excessively severe manner.
The father, who was 50 years old at the time of trial, is employed and has an average net income of approximately $200 per week. The mother, who was 32 years old at the time of trial and is not employed, expressed concern that the father would be unable to care for the minor child while working at his job. However, the father testified that there is a day care center at his place of employment and that the child could go to work with him and come home with him after spending the day at the center. The mother presented testimony that, were she to have custody of the child, she would live with her parents, who would assist in providing for the child’s needs. The father, who rents his house, testified that, if necessary, he could receive some assistance in caring for the child from his niece, a registered nurse who lives nearby.
The father presented testimony, which was corroborated by several witnesses including the mother, that the mother frequently smoked marijuana in the home during the parties’ marriage and that the mother and her friends had on numerous occasions used marijuana in the minor child’s presence. However, the mother denied the father’s assertion that she had a longstanding drug problem and maintained that she used marijuana in order to alleviate depression. The mother also denied the father’s allegation that while under the influence of marijuana, she had driven a car with the minor child on board as a passenger.
We note that the trial court did not explicitly base its award of custody on a determination of misconduct by the mother. Rather, the court determined from the evidence that the best interests of the child warranted awarding custody to the father. We are not to be understood as suggesting that either of the parents is unfit to be awarded custody. Both parties presented testimony as to their fitness to raise the minor child and attested to their love for the child.
We note finally that in its order awarding custody to the father, the trial court cited the report of Dr. Guy Walker of Family Services, who met the parties for a counseling session in July 1990. In his report Dr. Walker also attests to the father’s evident love of the child and to his genuine interest in her welfare.
Our review of the record leads us to conclude that the father is fit to be awarded custody of the child. Consequently, we cannot say that the trial court’s award of custody to the father was plainly and palpably wrong. The decision of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.