717 So.2d 790 (1997)
R.W.
v.
D.W.W.
2950648.
Court of Civil Appeals of Alabama.
January 31, 1997.
Rehearing Denied March 7, 1997.
*791 Janice C. Hart and Laura Alfano of Hart & Alfano, Warrior, for appellant.
Clifford L. Callis, Jr.; and Jay E. Stover of Law Firm of Clifford L. Callis, Jr., Rainbow City, for appellee.
HOLMES, Retired Appellate Judge.
This is a child custody case.
The mother filed a complaint for divorce, requesting that the trial court award custody of the parties' two minor children to her. The father filed an answer and a counterclaim for divorce, requesting that the trial court award custody of the parties' two minor children to him.
After an ore tenus hearing, the trial court divorced the parties and awarded custody of the parties' two minor children, who are now seven and eight years of age, to the father. The trial court also awarded certain visitation rights to the mother.
The mother appeals. In the main she contends that the trial court abused its discretion when it awarded custody of the minor children to the father. Additionally, the mother contends that the trial court abused its discretion because, she says, her visitation rights with the minor children are too restrictive.
We find no such abuse of discretion by the trial court as to require reversal in the award of custody to the father. However, we do find the visitation rights, under the pertinent facts, to be too restrictive.
At the outset we note the following: When considering custody matters in a divorce action, the trial court must determine what would be in the best interests and welfare of the children. Baine v. Baine, 510 So.2d 262 (Ala.Civ.App.1987). When the evidence has been presented ore tenus, this court will presume that the trial judge, who observed the witnesses and listened to all their testimony, correctly determined what would be in the children's best interests. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App. 1984). Stated another way, the judgment of the trial court is entitled to a presumption of correctness, and it will not be disturbed on appeal unless it is so unsupported by the evidence that it appears to be an abuse of discretion by the trial court. Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989).
Additionally, we would note that Ex parte Devine, 398 So.2d 686 (Ala.1981), abolished the tender years doctrine which favored the mother in custody cases involving young children. Consequently, in an initial custody determination the parties stand on equal footing. Taylor v. Taylor, 586 So.2d 210 (Ala.Civ.App.1991).
*792 We specifically note that this case is not subject to the McLendon standard, see Ex parte McLendon, 455 So.2d 863 (Ala.1984), because there have been no prior permanent custody rulings in this case.
When we view the record with the presumptions accorded the trial court, we find the following: When the parties separated in 1994, it was not the first time that they had separated during their marriage. The parties had previously separated six to twelve times and had filed for divorce three or four times. The evidence reveals that the parties obtained a divorce in 1991, but requested that it be set aside after they reconciled.
There was testimony that both parties drank heavily during the marriage and that both were involved in alcohol-related automobile accidents. The father testified that many of the arguments during their marriage occurred after both had been drinking.
The mother alleged that the father had physically abused her during their marriage. The father admitted that while he "hollered at her" and "cussed her," he never hit the mother. The father admitted that he may have bruised the mother's arm and hand on one occasion when he pried the car keys out of her hand after she had been drinking and driving.
The father testified that he began treatment for his problem with alcoholism eight to ten months prior to the third and final hearing held in January 1996. He testified that he is seeing a psychologist and attending AA meetings and that he intends to conquer his problem with alcohol.
We would note that the mother admitted that if the father is not drinking, he is a very attentive father and can care for the children.
We would note at this point that the mother had a sexual relationship outside the marriage with another female. The mother, in her brief, would have this court determine that this was the sole reason that custody was awarded to the father. This court declines to so find.
It is clear from the above that neither party is a paragon of parenthood. However, they are the parents of two minor children. In this instance, under the appropriate standard of review, the parties are on "equal footing" as to custody. See Taylor, 586 So.2d 210. Quite frankly, had the trial court awarded custody to the mother, we might well have affirmed such an award. The trial court did not make such an award and for this court to reverse would be to substitute our judgment for that of the trial court. This, the law does not permit. Grubbs v. Crosson, 634 So.2d 593 (Ala.Civ.App.1994).
Consequently, that portion of the trial court's order awarding custody of the two minor children to the father is affirmed.
The trial court awarded the mother visitation every other weekend from 6:00 p.m. on Friday until 6:00 p.m. on Sunday and one evening of the intervening week. The trial court's order imposed certain restrictions upon the mother regarding where she could visit with the children and who could be present when she exercised her visitation rights. In fact, the trial court's order stated that the mother's "visitation [with the minor children] shall be exercised only at the maternal grandparents' home under their supervision and control."
We find no apparent valid basis for the restrictive visitation requirements imposed upon the mother, particularly in light of the following pertinent statements made by the court in the middle of the February 15, 1995, hearing:
"THE COURT: ... I had asked you earlier about the prospect of joint custody, some sort of shared custody with visitation. It's my opinion always that parents should have some involvement with the children as much as possible. When two parents are not married any longer, of course, that automatically poses a problem and I don't know if there's any right solution to such a problem, but I don't think God meant it that way and when we separate like this then naturally both parties can't be around the children all the time. So, there are other solutions beside the traditional solution of one parent getting custody and the other parent seeing the child every other weekend which I don't really buy in any situation whether the man gets the custody *793 or the woman gets the custody, that's not the way I do it. But I also want y'all to explore joint custody for the benefit of the children and also for the benefit of the parents because anything that benefits the children is going to benefit the parents, in my opinion. Extended visitation, that term can mean many things. It can mean a greatly, greatly increased period of time with the children. Of course, some allocation has to be made with school children."
and at the beginning of the August 25, 1995, hearing:
"THE COURT: Do y'all understand that the way I do custody is a little different than a lot of people do custody? If one of you gets custody, the other is going to get a lot of visitation, a whole bunch of visitation. Do y'all understand that?
"....
"THE COURT: So, what I do is where there's no abusive parent, you say  I'm not saying how I would find in any of these things  but where there's no problem with the parent such as neglect or some problem with abuse, then I generally give the non-custodial parent the summer months, do you understand? Non-custodial parent generally gets  when I say non-custodial, the non  what would you call it, the person who doesn't have the custody during the school year gets the children when they're out for the summer and your same visitation that the other had, the other one gets, do y'all understand that?
"....
"THE COURT: Plus a large portion of the holidays. Basically, I've got to keep the children stable for school but it's not like it used to be when one person gets the child and another parent sees them every other weekend and a week at Christmas, do y'all understand that?"
Consequently, we reverse that portion of the trial court's judgment regarding the mother's visitation rights and remand the case to the trial court for the issuance of a less restrictive visitation order.
The judgment is affirmed in part, reversed in part, and remanded.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.