THOMAS, Judge.'
This is the second time Denisé M. Williams (“the wife”) and John R. Williams (“the husband”) have, been before this court. See Williams v, Williams, [Ms. 2130615, Nov. 14, 2014] — So.3d -, -- (Ala.Civ.App.2014)(“W,iWmms I ”). In Williams I we considered the propriety of the Elmore Circuit Court’s partial summary judgment on the issue of the validity of the parties’ prenuptial agreement and whether the partial summary judgment had been properly certified as final pursuant to Rule 54(b), Ala. R. Civ. P. Williams I, — So.3d at-. A majority of this court concluded that the partial summary judgment had been properly certified as final and that the circuit court had erred by entering a partial summary judgment in favor of the husband because a genuine issue of material fact existed. — So.3d at -. Our opinion was released on November 14, 2014. On January 20, 2015, after his application for rehearing was denied by this court, the husband filed a petition for the writ of certiorari in our supreme court, which is currently pending. Thus, no certificate of judgment has been issued in Williams I.
“A ‘ “judgment of [a Court of Appeals] is not a final judgment until that court issues a certificate of judgment, and an application for rehearing in that court and a petition in [the supreme court] for writ of certiorari stay the issuance of that certificate.”’ Ex parte Tiongson, 765 So.2d 643, 643 (Ala.2000) (quoting Jackson v. State, 566 So.2d 758, 759 n. 2 (Ala.1990), and citing Rule 41, Ala. R.App. P.).” ....
Veteto v. Yocum, 792 So.2d 1117, 1118—19 (Ala.Civ.App.2001).
In the meantime, on October 31, 2014, and December 4, 2014, the husband filed unopposed motions in the circuit court seeking the. entry of a divorce judgment. On December 5, 2014, the circuit court entered a judgment divorcing the parties, which reads, in pertinent part:
“This cause was submitted on the Complaint filed herein by [the wife], the Answer of the [husband], the [the husband]’s Motion for Summary Judgment, the Court’s Order granting Summary Judgment, and the Husband’s Affidavit. Upon consideration thereof, it is the opinion of the Court that a Decree of Divorce should be entered as provided herein below.
“It is therefore ORDERED, ADJUDGED, AND DECREED BY THE COURT AS FOLLOWS:
. “1. That the bonds of matrimony heretofore existing between the parties be and the same are hereby dissolved, and that the [wife] and [the husband] be and they are hereby forever divorced for and on account of incompatibility.,..”
On January 12, 2015, the wife filed this appeal seeking a determination as to whether the- circuit court lacked jurisdiction to enter the divorce judgment; she asserts that the circuit court lacked jurisdiction because the pendency of the husband’s petition for the writ of certiorari and the lack of a certificate of judgment in Williams I prevents the circuit court from proceeding on the divorce issue and be *482 cause the circuit court did not conduct a hearing to establish grounds for a divorce.
“On questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial court regarding the existence of jurisdiction. See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (‘Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.’ (citing City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606, 608 (1968))).”
Loachapoka Water Auth., Inc. v. Water Works Bd. Auburn, 74 So.3d 419, 422 (Ala.2011).
The circuit court did not lack jurisdiction to act on the divorce claim based on the lack of a certificate of judgment in Williams I . Although the wife would be correct if the December 5, 2014, judgment had addressed the division of the parties’ property, the lack of a certificate of judgment in Williams I does not affect the circuit court’s jurisdiction to enter the divorce. “Rule 54(b)[, Ala. R.. Civ. P.,] provides a mechanism for appealing a judgment on fewer than all the claims that are before a trial court.” Regions Bank v. Reed, 60 So.3d 868, 877 (Ala.2010). “Under ‘appropriate facts,’ a partial summary judgment on an original claim may be finally adjudicated pursuant to Rule 54(b), leaving a [remaining claim] undecided so that the parties can further litigate the issues presented by the [remaining claim].” Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)(citing Pate v. Merchants Nat’l Bank of Mobile, 409 So.2d 797, 798 (Ala.1982)). In Williams I we instructed the circuit court to conduct further proceedings on the claim regarding the validity of the prenuptial agreement. We did not, and indeed could not, reach the remaining claim — the claim for a divorce — in Williams I. Similarly, the circuit court has not and cannot hold a hearing on the validity of the prenuptial agreement .until a certificate of judgment is' issued in Williams I.[1] However, the parties could properly litigate the issue of the divorce itself. Thus, we do not agree with the wife that, by adjudicating; the claim for a divorce, the circuit court acted outside its jurisdiction.
Next, the wife complains that the circuit court lacked authority to enter the divorce judgment because it failed to conduct a hearing to elicit grounds for a divorce and failed to take “in-court testimony,” which, she argues, resulted in the circuit .court’s impermissible entry of the divorce judgment without its having received evidence indicating, in this case, incompatibility. Section 30-2-l(a)(7), Ala. *483 Code 1975, allows a circuit court to enter a divorce judgment when it is “satisfied from all the testimony in the case that there exists such a complete incompatibility of temperament that the parties can no longer live together.” (Emphasis added.) The circuit court indicated that it had .relied on, among other documents, the wife’s complaint, the husband’s answer, and the husband’s affidavit. Thus, the wife complains, the circuit court heard' no “testimony” upon which to base its conclusion that the parties were incompatible. Although the circuit court did not take oral testimony, it was not without testimony upon which to base the divorce judgment.[2]
The wife’s verified complaint alleged incompatibility, an irretrievable breakdown of the marriage, and verbal abuse as grounds for a divorce; The wife’s verified complaint met the requirements of Rule 56(e), Ala. R. Civ. P., and, therefore, was properly treated as an affidavit. See Kessler v. Gillis, 911 So.2d 1072, 1080 (Ala.Civ.App.2004)(plurality opinion). In Dunn v. Dunn, 124 So.3d 148, 151 (Ala.Civ.App.2013), we relied on Dubose v. Dubose, 964 So.2d 42, 44 n. 1 (Ala.Civ.App.2007), to explain that
“ ‘ “[a] verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable[,]” ’ provided that the pleading ‘ “contain[s] facts that the affiant knows to be true of his or her own knowledge and [has] a certain level of factual specificity.” ’ Ex parte Quinlan, 922 So.2d 914, 917 (Ala.2005) (quoting 5A Charles Alan Wright & Arthur K. Miller, Federal Practice and Procedure: Civil 3d § 1339 (2004)).”
In this case, the wife’s pleading — her verified complaint — was properly treated as an affidavit because it contained sufficient specific facts that the wife knew to be true.
The husband denied the wife’s allegations in his answer; however, he later submitted an affidavit testifying to the parties’ incompatibility. An affidavit from either party stating a ground for a divorce suffices as testimony ■ regarding that ground for a divorce. See Ex parte Robertson, 174 So.3d 970, 974 (Ala.Civ.App.2014), cert. denied, 174 So.3d 977 (Ala.2015). In light of the parties’ affidavits, a hearing to- elicit testimony establishing incompatibly as the ground for a divorce was not necessary.
In conclusion, the wife has failed to present an argument, explaining how the circuit court erred in entering the divorce judgment. The judgment of the circuit court is, therefore, affirmed.
AFFIRMED.
PITTMAN and DONALDSON, JJ„ concur.
*484 THOMPSON, P.J., concurs in the result in part and dissents in part, with 'writing, which MOORE, J., joins. '

. In this case, the husband cannot assert the law-of-the-case doctrine if our opinion in Williams I is upheld by our supreme court. “ ‘Under the doctrine of the “law of the case,” whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.’ ” Southern United Fire Ins. Co. v. Purma, 792 So.2d 1092, 1094 (Ala.2001) (quoting Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987)). Even assuming that the supreme court upholds our decision in Williams I, and, thus, that the parties have not litigated the remaining claim — the validity of the prenuptial agreement and any potential property division— any determination by the circuit court, in granting the divorce, on the issue of the husband’s alleged fault would not serve to bar, under the law-of-the-case doctrine, the circuit court’s consideration of fault in making a property division. A court may consider fault when maldng a division of property, even if the divorce was granted on the ground of incompatibility. Nickerson v. Nickerson, 467 So.2d 260 (Ala.Civ.App.1985).

. We do not share the dissent’s concern that "[a]llowing one party to obtain a divorce on the basis of incompatibility based merely on the submission of an affidavit by that party might operate to prevent the other spouse from adequately presenting evidence on the issue of misconduct or from opposing the divorce action itself.” — So.3d at - (Thompson, P.J., concurring the result in part and dissenting in part). The wife had an opportunity to oppose the entry of the divorce judgment; however, she did not file any opposition to the two motions seeking the entry of a divorce judgment that were filed by the husband. Furthermore, "[i]f the state of incompatibility is declared by either party to exist and the evidence, either objective or subjective, supports the existence of such a state, the court must grant a divorce.” Clark v..Clark, 384 So.2d 1120, 1121 (Ala.Civ.App.1980), See also Phillips v. Phillips, 49 Ala.App. 514, 520, 274 So.2d 71, 77 (Civ.App.1973)(explaining that it is incumbent on one party to establish that incompatibility exists); Dyal v. Dyal, 54 Ala.App. 206, 209, 307 So.2d 17, 20 (Civ.App.1975); and Kegley v. Kegley, 355 So.2d 1121, 1123 (Ala.Civ.App.1977).