291 So.2d 322

**Sidney Austin PHILLIPS**

**v.**

**Thelma Rea PHILLIPS.**

**Civ. 263.**

Court of Civil Appeals of Alabama.

March 6, 1974.

R. O. Hughes, Birmingham, for appellant.

Robert C. Barnett, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of divorce and division of property.

Thelma Phillips filed suit for divorce, property division and support on March 23, 1973. Sidney Phillips filed answer and cross-complaint seeking a divorce and property division. After hearing ore tenus, decree was entered July 5, 1973. By the decree, divorce was denied complainant and granted to cross-complainant. Personal property was divided. Real property, consisting of a home with title held jointly with right of survivorship, was granted to cross-complainant, with the requirement that he pay the sum of $5,750 at the rate of $65.00 per month to complainant. This sum represented one-half of the calculated equity in the home. It is only from the award of such sum that cross-complainant, Sidney Phillips, appeals.

The parties were married in 1967 and lived together until January 1973. Appellee had been married twice before. Each marriage ended in divorce. She had a son by her first marriage. Appellant had one prior marriage ended by the death of the wife. He had three children. No children were born of the marriage of the parties.

At the time of the marriage, appellant owned a home in Birmingham. Shortly after the marriage the home was sold. The proceeds from the sale, some $8,000 were paid down on the property involved here. Title was taken jointly with right of survivorship.

In 1969, appellee began work on a part time basis, with an income of some $100 a month. Appellant had been an employee of Ingalls Company for about twenty years and had a second part time job. From the time of marriage until 1972 the parties maintained a joint checking account from which all bills were paid, including payments on the home. The home was purchased for $24,500.00. At the time of the decree, the mortgage balance was about $12,500.00. The court found in the decree that appellee had contributed about $250.00 to the investment in the home.

We come now to the unusual findings of the decree. Pertinent portions of the decree are hereinafter set out.

"The Court finds as a fact that (1) the fault in this case rests in the main on Complainant, Cross-Respondent, (2) that Complainant, Cross-Respondent contributed little to this marriage financially, love or otherwise.

"The Court further finds (1) that the residence of the parties, costing Twenty Four Thousand Five Hundred Dollars ($24,500.00) jointly owned with the right of survivorship, was initially financed by an Eight Thousand Dollars ($8,000.00) down-payment from the sale of a house owned by Respondent, Cross-Complainant, a widower prior to this marriage, (2) that approximately Four Thousand Dollars ($4,000.00) paid since the purchase in 1967 (the mortgage balance is approximately $12,500.00) has, with the exception of at best Two Hundred Fifty Dollars ($250.00) paid by Complainant, Cross-Respondent, been paid by Respondent, Cross-Complainant, and (3) that Respondent has borne the financial responsibility for the maintenance of said residence.

"The Court concludes as a matter of law that under the laws of Alabama this Court

cannot under any circumstances divest Complainant, Cross-Respondent, a woman, of her half interest in the residence, but could divest Respondent, Cross-Complainant, a man, under any circumstances, of his half interest in the residence. This Court conceives this to be the law of Alabama and if so it is an ancient, unjust, inequitable, discriminatory and archaic doctrine.

"This Court therefore follows what it conceives to be the law in the hope that the common law in its appellate wisdom may evolve to more equality and justice . . .

"THIRD: That Complainant, Cross-Respondent is hereby divested of all right, title and interest in and to the real property at 965 Ridgewood Circle, Birmingham, Alabama, and all right, title and interest in and to said property is vested in Respondent, Cross-Complainant, Sidney Austin Phillips, said property being described as follows:

Lot 12, Block 17, Idlewood 5th Sector, First Addition, as recorded in Map Book 75, page 11, in the Probate Office of Jefferson County, Alabama,

and, Thelma Rea Phillips, Complainant, Cross-Respondent, shall execute a deed to the said Sidney Austin Phillips, conveying to him all of her right, title and interest in and to the above described property . . .

"FOURTH: That Complainant, Cross-Respondent has an interest and equity (justified only by the survivorship deed) in the residence in the sum of Five Thousand Seven Hundred Fifty Dollars ($5,750.00) (one-half of $11,500.00) and Respondent, Cross-Complainant shall pay this sum to Complainant, Cross-Respondent at the rate of Sixty Five Dollars ($65.00) per month, without interest, until paid in full . . . ."

Appellant submits that the court erred in granting to appellee the sum amounting to one-half the equity in the home because such award is contrary to the evidence and was awarded by the court solely upon a misconception of the law of Alabama in such cases.

It appears from the portions of the decree set out above that the court was laboring under the belief that the law required an equal division of property to which title is held by the parties jointly with right of survivorship regardless of the equities involved. Such is not the law in this state.

Where the parties by the pleadings have invoked the jurisdiction of the court as to property the title to which is held jointly with right of survivorship, the court has authority to make such division or settlement of the interests of the parties as equity requires. It was said in Owens v. Owens, 281 Ala. 239, 201 So.2d 396

"Equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction upon the invocation of the parties, the Chancellor will determine all the interrelated equities of the whole. Equity delights to justice, and not by halves. Moore v. Moore, 255 Ala. 393, 51 So.2d 683."

This Court in Prosch v. Prosch, 47 Ala. App. 33, 249 So.2d 855 said, "Clearly a court of equity in a divorce case has power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Such is the rule stated by the Supreme Court in *Owens* and *Killingsworth* [v. Killingsworth, 284 Ala. 524, 226 So.2d 308]." We said in Allen v. Allen, 49 Ala.App. 200, 269 So.2d 914 "There is no requirement that a division of property in a divorce decree be divided into equal shares, even though the property be owned jointly."

This same proposition of law was sustained in the case of Body v. Body, 47 Ala.App. 443, 256 So.2d 184. We pointed out in that case that the principle stated in Davis v. Davis, 279 Ala. 643, 189 So.2d 158, did not apply to property settlements.

We again reiterated the efficacy of such rule of law in Horsley v. Horsley, 50 Ala. App. 445, 280 So.2d 150.

As the decree of the court by which it granted to appellee the sum of $5,750.00 was clearly founded upon a fallacious conception of applicable law and was so expressed in the decree, such portion of the decree must be set aside and reversed. It is the judgment of this Court that all of the decree after Paragraph numbered "SECOND" is reversed and the cause is remanded for a reconsideration of the equities of the parties as disclosed by the evidence insofar as is applicable to a real property settlement between the parties.

Affirmed in part, reversed in part and remanded.

Motion of appellee for attorneys fees is denied.

BRADLEY and HOLMES, JJ., concur.