This is a divorce case. The husband contests the trial court's division of property and award of alimony to the wife.
The parties were divorced on March 21, 1978, after a twenty-year marriage. Three sons were born of the marriage. The two older sons are currently attending the University of Alabama on football scholarships. Custody of a minor son was placed in the wife.
The husband is employed by the University of Alabama Athletic Department as a coach and recruiter. The wife has worked at various jobs during the marriage but has *Page 1232 
no special skill or training, having dropped out of college during her sophomore year in order to marry the husband. She is currently employed as a pre-school teacher in Tuscaloosa.
The parties were granted a divorce on the ground of incompatibility. The trial court did not find either party solely at fault for the failure of the marriage; however, it did note that the wife had given "more devotion to its existence and continuance."
The husband has a take-home salary of approximately $1,250 a month. There was evidence that the husband receives additional financial benefits such as salary bonuses, travel allowances, free meals in the athletic dormitory, honorariums from speeches, tickets to University of Alabama football games, and clothing store discounts. The wife's take-home pay from her position as a teacher at the pre-school is approximately $438 a month.
The trial court awarded the parties' jointly-owned residence to the wife to provide a home for herself and the minor child, and to provide opportunity for the other sons to come home on weekends and vacations from school. There was an equity of about $30,000 in the home. The wife will be responsible for monthly mortgage payments of $217.82 plus taxes and maintenance expenses on the home. The wife received the bulk of all household furniture and the parties' 1969 Buick. She was given the funds in the parties' joint savings and checking accounts which amounted to about $1,300.
The husband retained approximately $800 worth of stock and his retirement fund which is a growing fund valued currently at slightly less than $5,000. The husband was ordered to pay $500 monthly alimony to the wife and $200 monthly in support of the minor son, now fourteen years old.
The husband contends on appeal that the property division and alimony award to the wife were excessive and arbitrary. It is the well established rule of this court that we review a judgment by a trial court in divorce cases with a presumption of correctness in any case where that court has heard the testimony and viewed the witnesses. Weed v. Weed, 358 So.2d 459
(Ala.Civ.App. 1978).
The division of property, after consideration of equities and contribution by the parties, is a matter for the discretion of the trial court, and will not be disturbed on appeal except upon a showing of palpable abuse. Caldwell v. Caldwell,54 Ala. App. 479, 309 So.2d 833 (1975). The division of property in a divorce case does not have to be equal but is graduated according to the nature of the case. Cobb v. Cobb,352 So.2d 1384 (Ala.Civ.App. 1977). It is evident from the expressions in the judgment that the factors relevant to a fair and reasonable award of alimony were considered by the trial court. Phillipsv. Phillips, 49 Ala. App. 514, 274 So.2d 71 (1973). Though it is evident that good management and sacrifice must be practiced by both parties, this court cannot supplant the good judgment and discretion of the trial court with our own. Finding no clear abuse of discretion in the judgment below, we must affirm it.
The request of the wife for an attorney fee on appeal is granted. She is awarded the amount of $500 for the services of her attorney on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.