This is a divorce case.
The wife appeals, contending that the trial court abused its discretion in the award of alimony in gross. We find no abuse of discretion requiring reversal.
Viewing the record with the attendant presumption, we find the following:
The husband filed for divorce alleging incompatibility, irretrievable breakdown and adultery.
Prior to the divorce action, the parties were married for approximately thirteen years. There were three children born of the marriage. The husband is engaged in the buying and selling of real estate and horses.
The evidence relating to the assets of the husband is not a paragon of clarity. However, it appears that the husband's net worth at the time of the divorce was between $500,000 and $1,000,000. Apparently, all of these assets were accumulated during the marriage of the parties through virtually the exclusive efforts of the husband. Some of the assets were placed in the name of the wife or jointly with the husband.
The wife was employed by the Social Security Administration for the first three years of the marriage. She was, however, at the time of the trial unemployed.
The record further reveals that the wife admitted having a year and a half illicit relationship with a fourteen year old boy who worked for the husband. Several witnesses testified that they saw the wife and the boy hug and kiss on numerous occasions. The Foreman's maid testified that she saw the wife and the fourteen year old boy engaged in sexual intercourse, which as stated above, the wife admitted to.
The trial court, after an ore tenus hearing, made a division of property with the wife receiving a sufficient amount of household furnishings to furnish a three bedroom house, one-half of all china, silver and crystal, and an automobile. The husband was required to pay to the wife $700 per month for child support. The wife was awarded $90,000 as alimony in gross. Additionally, the husband was required to pay the wife's attorney a fee of $15,000.
At the outset, we note that the wife through able counsel contends that by virtue of the husband placing certain assets in the name of the wife or jointly with the husband these assets were in essence the *Page 91 
wife's separate estate. This is not the law. The determination of what is the wife's separate estate is for the trial court.Shamblin v. Shamblin, Ala.Civ.App., 361 So.2d 580 (1978). Furthermore, when both parties submitted themselves to the jurisdiction of the circuit court as to property, which was held jointly, the trial court had authority to make such division as equity requires. Phillips v. Phillips, 52 Ala. App. 234, 291 So.2d 322 (1974).
When considering an award of alimony or division of property, the trial court may consider certain factors depending upon the facts of a particular case. See, Hamaker v. Hamaker,57 Ala. App. 333, 328 So.2d 588, cert. denied, 295 Ala. 404,328 So.2d 594 (1976). Among these factors is the conduct of the parties with reference to the cause of the divorce. That is, fault may be a consideration when the trial court makes an award. Clearly, in this instance, the wife's actions were an important consideration in the trial court's award.
In any event, in Latham v. Latham, 54 Ala. App. 305,307 So.2d 703 (1975), where the trial court made an award to the wife of approximately $100,000 from an estate of over $500,000, this court held there was no abuse of discretion.
Here, in this instance, where the action of the wife in having a long term affair with a fourteen year old child is considered and the wife's lack of contribution in acquiring the assets, see, Marks v. Marks, Ala.Civ.App., 365 So.2d 1231
(1979); Johnson v. Johnson, Ala.Civ.App., 360 So.2d 996 (1978), clearly there is no abuse of discretion in the trial court's award as to require reversal.
Both parties have requested an attorney's fee on appeal. In view of the affirmance of the trial court, the wife's request is denied. Considering the assets of the husband, his request for an attorney's fee is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.