TORBERT, Chief Justice
(dissenting).
I dissent. The issue before this Court is whether the Court of Civil Appeals erred in reversing a decision of the trial court. The trial court determined that certain real property that Edward H. Fuller inherited should not be considered by the court in determining the amount of allowance to be *126 awarded Fuller’s wife pursuant to a divorce decree. It is apparent the trial court relied on Code 1975, § 30-2-51 (Supp.1981), in making this determination. That section provides:
“If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.”
The meaning of the statute is clear. Inherited property is not to be considered in an allowance to a spouse unless the trial judge finds the property or the income therefrom was used for the common benefit of the parties during their marriage. Inherent in the trial court’s order was a finding that the property was not used for the common benefit of the parties.
This Court has long held that in an ore tenus case, every presumption must be indulged in favor of the trial court and its findings will not be disturbed unless they are palpably wrong. Ford v. Alabama By-Products, 392 So.2d 217 (Ala.1980). Furthermore, the appellate court has held that the division of property and the amount of alimony are matters within the sound discretion of the trial court and will not be reversed unless there is a palpable abuse of that discretion. Marks v. Marks, 365 So.2d 1231 (Ala.Civ.App.1979).
The language of the statute clearly leaves the determination of whether inherited property will be considered in making an allowance within the discretion of the trial court. Once a party proves certain property was inherited, the burden is on the spouse to prove that property was used for the common benefit of the parties during their marriage. Inherent in the trial court’s order is a finding that Jan Fuller failed to meet this burden of proof.
The appellate court reversed the trial court by determining the inherited property was used for the common benefit of the parties during their marriage. Apparently, the only basis for this determination was that the couple apparently lived well during their marriage even though the husband’s business ventures were unsuccessful and the wife did not work prior to moving to Colorado. The Court reasoned that the couple must have used the rent from the property for support. This finding is not sufficient to show that the trial court abused its discretion or committed plain and palpable error.
ALMON and BEATTY, JJ., concur.