This is an appeal from a divorce decree and division of property.
Hartwell B. Lutz, the husband, filed for divorce. In his complaint, he asked the court to set aside the deed conveying one-half interest in the residence on Tannahill Drive to his wife, Roberta A. Lutz.
In May 1985, the case was heard by the court and a judgment of divorce was entered. The judgment directed the wife to execute a deed conveying to the husband any interest that she might have in the Tannahill residence. The residence was to be placed for sale on the open market and the wife was given a lien on the proceeds from the sale until such time as the court determined whether or not she was entitled to a portion of the proceeds and, if so, what amount.
In July 1985, the court issued its final order awarding the wife fifteen percent of the net proceeds from the sale of the residence. The wife was also directed to pay her own attorney's fee from this award. The wife appealed.
On appeal, she raises five issues. In the first two issues, she contends that there was no evidence at trial to support the setting aside of the deed and that the husband *Page 1176 
was estopped from contesting the validity of the deed, because it was executed to avoid taxes.
The husband argues that these two issues should not be before this court, because the trial court had not set the deed aside. He contends that the court made a division of the marital property.
The evidence indicates that the husband purchased the Tannahill residence prior to the couple's marriage. The wife sold her home. To avoid the payment of taxes incurred by the wife when she sold her residence, the husband executed and delivered a warranty deed to the wife conveying one-half interest in the residence to her as joint tenant with right of survivorship. The couple swapped checks in the amount of $74,950 each — presumably to have the effect of the wife reinvesting the proceeds from the sale of her home.
The divorce decree does not find the deed to be invalid. Instead, the court ordered the wife to execute a deed conveying any interest that she might have in the residence to the husband.
The court's final order awarded the wife fifteen percent of the net proceeds from the sale. In this order, the court made several findings of fact — one of which was that the transaction involving the deed "was made to avoid taxes." The wife argues that it is implicit in the trial court's findings that the deed was set aside as a result of being devised for tax purposes.
We do not read the court's order to so imply. The court had previously ordered the wife to execute a deed to the husband, but had not set aside the deed. The court's findings of fact merely point out its reasoning for awarding the wife fifteen percent of the net proceeds.
When the parties have submitted themselves to the jurisdiction of the court as to their jointly-held property, the court has the discretion to divide the property between the parties after a consideration of the equities and contribution by the parties. This division of property will not be disturbed on appeal, unless clear and palpable abuse of discretion is shown. Foreman v. Foreman, 379 So.2d 89 (Ala.Civ.App. 1980);Marks v. Marks, 365 So.2d 1231 (Ala.Civ.App. 1979). There is no requirement that this division be equal, even in cases where the property was jointly owned. Phillips v. Phillips,52 Ala. App. 234, 291 So.2d 322 (Ala.Civ.App. 1974).
The wife also raises as an issue that the property division was not equitable. She contends that because she sold her home when she entered the marriage, she should receive one-half interest in the couple's residence.
There are certain factors that the court considers when dividing the marital property or awarding alimony. These factors include the source of their common property, the ages, sex and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce. Masucci v. Masucci, 435 So.2d 120 (Ala.Civ.App. 1983).
After considering all of the evidence, with particular emphasis on the showing that the husband made all payments on the residence, and the wife used the money that she received from the sale of her home to buy a new car, invest in three individual retirement accounts (IRA), and purchase a certificate of deposit, this court cannot say that the trial court abused its discretion or that the division of property was not equitable.
The wife further contends in her fourth issue that the trial court erred in not considering fault when making a division of the marital property. A court may consider fault when making a division of property, even if the divorce was granted on grounds of incompatibility. Nickerson v. Nickerson,467 So.2d 260 (Ala.Civ.App. 1985).
In this case, both parties presented evidence about the conduct of the other party which had caused the breakdown of the *Page 1177 
marriage. However, we do not find it necessary for the court to examine each incident of misconduct to determine who was more at fault. If there is testimony of fault from both parties, the trial court does not have to determine the relative fault of the parties when making the property division. Dobbs v. Dobbs,452 So.2d 872 (Ala.Civ.App. 1984). It appears that the remarks made by the trial judge at the close of the trial were an attempt to put fault in its proper perspective.
The wife also argues that the deed was a gift from the husband, and therefore, she is entitled to one-half interest in the residence. As we have previously said, the manner in which the wife may have obtained an interest in marital property does not control the discretion of the court in making a property division. Marks v. Marks, supra. In any event, in this case, there was evidence that the conveyance was not a gift, but was made for tax purposes.
The last issue raised by the wife is that the trial court erred by refusing to award attorney fees to the wife. The award of attorney fees rests within the trial court's discretion. Among the factors considered are the earning capacity of the parties and the husband's financial circumstances. Gamble v.Gamble, 63 Ala. App. 168, 298 So.2d 254 (Ala.Civ.App. 1974). The court may also consider the wife's financial worth and income and the nature of the conduct of the parties. Davis v. Davis,255 Ala. 488, 51 So.2d 876 (1951).
In this case, there was evidence that the husband had made no investments during the marriage and had sold many of his assets in an attempt to pay for the house and pay approximately $80,000 to the Internal Revenue Service in early 1985. He still has a tax liability with the State. The wife was shown to have $14,000 in AT T securities, three IRA's, a certificate of deposit, and an interest in a house in New York. Considering all of the circumstances, there was no abuse of discretion by the trial court.
The wife requests attorney's fees for expenses incurred in this appeal. We deny this request.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.