ROBERT P. BRADLEY, Retired Appellate Judge.
This is a consolidated appeal from the Greene County Circuit Court involving the condemnation of several automobiles and a motor.
In October 1987 two officers of the Tuscaloosa Police Department entered an establishment owned by the appellants in order to serve a warrant of arrest on Arthur Cotton for suspicion of automobile theft. The officers noted that the place was full of automobile parts and equipment, as well as several vehicles. The appellant Cleo-phus Cotton, Sr. told the officers that the building was not a licensed automobile garage. After serving the arrest warrant, the officers immediately sought a warrant to search the appellants’ building. The district judge of Greene County issued the warrant based on an affidavit of the two officers.
Pursuant to the search warrant, the two officers entered the appellants’ premises and seized four vehicles and a spare motor. Upon inspection, the officers found that the vehicle identification number (VIN) in each automobile and on the motor had been altered or destroyed.
The State subsequently filed separate condemnation complaints against each of the vehicles and the motor pursuant to § 32-8-86, Code 1975. This statute provides that any. vehicle, engine, or other identifiable part of a vehicle with a missing or altered VIN may be seized and made subject to forfeiture proceedings. The complaints were filed variously against Cleophus Cotton, Sr., Cleophus Cotton, Jr., and Arthur Cotton. The vehicles and engine were alleged to have altered VIN’s, thus making them subject to forfeiture under § 32-8-86. All the appellants denied this allegation and filed counterclaims of bad faith in the respective cases against them. These counterclaims were dismissed by the court and the case proceeded to trial only on the issue of forfeiture.
After an ore tenus proceeding on each complaint, the court found that the VIN’s on the automobiles and the motor had been altered or destroyed. The court declared these items to be contraband and ordered their forfeiture. The appellants filed notices of appeal in their respective cases and these notices were consolidated.
The first issue raised by the appellants is that the judgments against them are based on the results of an illegal search. The appellants claim that the police officers’ affidavit to the district court did not contain facts to establish probable cause and so could not support the issuance of a search warrant.
At trial, the affidavit was introduced into evidence and the appellants challenged its sufficiency. In each of its orders in the four separate cases, the trial court specifically found that the search warrant was properly issued. The affidavit that sup *864 ported the search warrant is not included in the record before us.
Error asserted on appeal must be affirmatively demonstrated by the trial court record. If the record does not disclose the facts upon which the asserted error is based, such error may not be considered on appeal. Liberty Loan Co. v. Williams, 406 So.2d 988 (Ala.Civ.App.1981). Moreover, evidence presented to the trial court that is not preserved in the record on appeal is conclusively presumed to support the trial court’s judgment. English v. English, 352 So.2d 454 (Ala.Civ.App.1977). In this case, the search warrant and supporting affidavit are not preserved for our review; thus, we must presume that the court’s findings are correct and affirm its judgment on this issue.
The appellants’ next issue is whether the evidence in this case justified the taking and forfeiture of the automobiles and motor. The appellants offer no argument or legal authority to support this issue. This court pretermits decisions upon any issue that is not supported by citation of authority in brief. Rapaco, Inc. v. Agee, 453 So.2d 1048 (Ala.Civ.App.1984). The trial court’s judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.