PER CURIAM.
Following an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Carol and Daryl Messina. The trial court ordered that the parties’ residence and sixty-two acres of farm property (realty) be sold by private sale within a specified time, and that the net proceeds be divided by distributing 75% to Daryl Messina (husband) and 25% to Carol Messina (wife). The trial court also ordered the payment of the mortgages on the realty (including a mortgage with First Capital Mortgage Corp. (First Capital)), and payment of up to $38,000 on an American Express bill to be made from the gross proceeds of the sale. If the realty was not sold within the specified time provided for the private sale, the order provided for a public sale.
Since the husband was given sole use and occupancy of the realty until the sale, the trial court ordered him to pay “both monthly mortgage payments,” as well as taxes and insurance.
Further, the husband was awarded a 1990 Ford Taurus automobile, a 1984 Chevrolet truck, savings accounts at both Am-South Bank and Merchants and Planters Bank, a farm tractor, horse and stock trailers, horses, his company profit-sharing plan, and other personal and household items which were detailed by the trial court’s order. The wife was awarded a 1989 Acura automobile, certain itemized household appliances and furniture, $500 per month periodic alimony, and $6,375 in attorney’s fees. Also, the trial court provided that a Merrill Lynch Cash Management Account was to be liquidated and, along with some gold coins, divided equally between the husband and the wife.
Furthermore, the husband was ordered to pay the remaining indebtedness on the wife’s Acura (about $26,000), $4,000 on one Mastercard debt, $2,300 on a Visa debt, and $500 to a Dr. Fiorella. The wife was ordered to pay a Parisian’s debt of $5,000, a Parisian Credit Union Account of approximately $2,000, the other Mastercard debt of approximately $1,500, a debt to Jefferson County of about $8,500, a nursing home debt of approximately $3,500, and $4,400 owed to American General Finance.
On its own motion, the trial court subsequently amended its previous judgment of divorce by deleting the language which or *1191 dered the husband to pay “both monthly mortgage payments” and inserting language which ordered the husband to pay “the three monthly mortgage payments.” The husband then filed a motion for new trial or, alternatively, to alter or amend the judgment. After considering the motion, and letters and argument of counsel, the trial court again amended its original judgment to provide for a more detailed division of the parties’ gold coins and to alter the date upon which the husband was to begin paying periodic alimony. The husband then appealed.
In his first issue, the husband argues that the trial court committed reversible error by treating the wife’s loan from First Capital as a mortgage and ordering him to pay it. He also argues that it was reversible error for the trial court to order him to pay the debts owed to Mastercard, Visa, American Express, and on the Acura.
The wife testified that she got a friend to sign the husband’s name to the mortgage from First Capital without the husband’s permission. According to her, First Capital lent the wife $28,000 with the parties’ home pledged as collateral. The husband testified that he did not discover the existence of the mortgage until a few months later.
The husband asserts that the document from First Capital is not a mortgage since he did not sign it. By ordering him to repay part of this debt, the husband argues that the trial court created a mortgage which did not exist. The husband maintains, therefore, that he would be precluded from relitigating the validity of the mortgage in another legal proceeding.
We first note that a trial court’s judgment in a divorce case presented ore tenus is presumed to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990). Jackson also states:
“The trial court is given broad discretion in a divorce case and its decision will not be overturned unless it is unsupported by the evidence or is otherwise palpably wrong. Issues involving alimony and the payment of marital debts are within the sound discretion of the trial judge in a divorce action. The judge’s ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion.” (Citation omitted.)
Jackson, 567 So.2d at 868.
As stated earlier, the trial court ordered that the amount of the First Capital mortgage be deducted and paid from the amount received from the sale of the realty. The trial court then awarded the husband 75%, and the wife only 25%, of the net proceeds from the sale. Based on this disparity, we cannot say that the trial court plainly and palpably abused its discretion in requiring the indebtedness incurred by the wife with First Capital to be paid from the proceeds of the sale of the realty.
Also in his first issue, the husband argues that he should not be required to pay certain credit card and automobile debts which he alleges were incurred solely by the wife and, for the most part, without his knowledge. However, he cites no authority to support his position as is mandated by Rule 28(a)(5), Alabama Rules of Appellate Procedure.
In his second issue, the husband argues that the trial court committed reversible error in its disposition of the parties’ personal property and in its award to the wife of periodic alimony.
In addition to the Jackson standard stated earlier, we note that property divisions in a divorce case need not be equal, but they must be equitable in light of the evidence. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). Factors which a trial court considers when disposing of marital property or awarding alimony include “the source of their common property, the ages, sex and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce.” Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App.1986).
At the time of trial, the husband was 46 years old and the wife was 51. They had been married approximately 21 years with *1192 no children being born during their marriage. The wife had three children from a prior marriage, all of whom are adults. Testimony revealed that both parties made substantial contributions in acquiring the marital property. Also, both parties have college degrees and both have full-time employment in sales. The husband made approximately $70-75,000 in 1990 as a salesman for Lévi-Strauss and anticipated his income for 1991 would be approximately $78,000. The wife made about $39,000 a year for the past few years prior to 1991 as a sales manager for Parisians and anticipated making $34,000 in 1991. The husband has worked for Lévi-Strauss for about 21 years, and the wife has worked for Parisians for about 13 years.
The wife testified that she and her husband had a “communication problem,” and that there had been some violence committed against her by him. She also testified that, during the last two years, she has suffered from emotional problems which required her to attend psychological coun-selling. Although she is doing better, these problems once caused her to take a 90-day leave of absence from her job and even drove her to attempt suicide.
Based on the evidence, and the fact that the issues of alimony and property division are within the sound discretion of the trial court, we cannot hold that the trial court plainly and palpably abused its discretion in awarding alimony and in dividing the personal property in this divorce action.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.