THIGPEN, Judge.
This is a divorce case.
Joyce Marie Jones (wife) and Billy Gene Jones (husband) were married in 1973. One child was born of the marriage. In November 1992, the wife filed a complaint for divorce alleging a complete incompatibility of temperament and an irretrievable breakdown of the marriage. Contemporaneously with the filing of the complaint for divorce, and pursuant to the wife’s request, the trial court entered an order awarding temporary custody of the child to the wife, and restraining the husband from disposing of marital assets, pending an order of the court. The husband thereafter answered the complaint and motioned for dissolution of the temporary restraining order.
Following ore tenus proceedings, the trial court divorced the parties. The final judgment awarded custody of the minor child to the wife, subject to the father’s visitation, and it ordered the father to pay $332 per month in child support. Additionally, the trial court found the gross monthly incomes of the wife and the husband to be $1,158 and $2,400, respectively, and it provided:
“(5) [The wife] is awarded the 1991 Dodge with the obligation to make the monthly payments thereon and [the husband] is awarded his pickup truck with the obligation to make any payments on the indebtedness thereon. The minor child of the parties ... is awarded ownership of the 1989 Chevrolet Cavalier which he drives with the responsibility of paying the monthly payments on the indebtedness thereon.
[[Image here]]
“(7) Each of the parties is ordered to pay the debts incurred by them since the separation and [the husband] is ordered to pay any outstanding indebtedness incurred by the parties prior to the separation.
“(8) The [husband] is awarded possession and title to the marital home of the parties located at Rt. 1 Box 36A Headland, Alabama and shall be responsible for the indebtedness thereon and is ordered to hold harmless and indemnify [the wife] for any liability for such indebtedness.
“(9) [The husband] is ordered to pay [the wife] temporary alimony in the amount of $350.00 per month commencing June 1, 1993.
“(10) [The husband] is ordered to contribute $500.00 towards [the wife’s] attorneys fees herein not withstanding that amount that [the wife] has already paid to her attorney.”
The wife’s post-judgment motion for new trial, or, in the alternative, to amend the judgment, was denied; however, the trial court ordered that the term “temporary” alimony in paragraph (9) be deleted and replaced with the term “periodic” alimony. The wife appeals.
The wife contends that the trial court abused its discretion by awarding the husband the possession and title to the marital home, by not awarding child support and alimony pendente lite, and by not ordering the husband to contribute to the higher education or training of the child.
*1054 We note at the outset that when a trial court receives evidence ore tenus, its judgment is presumed correct and will be affirmed if supported by competent evidence. Daugherty v. Daugherty, 606 So.2d 157 (Ala.Civ.App.1992). Moreover, a trial court’s judgment regarding property division is presumed to be correct and will not be disturbed on appeal absent a showing of plain and palpable error. Bradford v. Bradford, 607 So.2d 286 (Ala.Civ.App.1992).
The record reveals that the parties purchased the marital home utilizing approximately $35,000 in funds received by the husband as a result of a personal injury settlement, and a first mortgage loan of approximately $18,000. The record also indicates that the husband made all mortgage payments on the home from his earnings. Additionally, testimony established that the wife removed a significant amount of valuable personal property from the marital home prior to the trial.
When parties submit themselves to the jurisdiction of the court regarding jointly-held property, the court has the discretion to divide the property between the parties upon consideration of the equities and contribution by the parties. Foreman v. Foreman, 379 So.2d 89 (Ala.Civ.App.1980). This division of property will not be disturbed on appeal, unless clear and palpable abuse of discretion is shown. Foreman, supra. There is no requirement that this division be equal, even in cases where the property was jointly owned. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). Even a property division that favors one party over the other does not, in and of itself, constitute an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). There are certain factors that the court considers when dividing marital property or awarding alimony. These factors may include “the source of their common property, the ages, sex and health of the parties, their future prospects and station in life, the length of the marriage, and, in ap: propriate cases, the conduct of the parties regarding the cause of divorce.” Messina v. Messina, 599 So.2d 1189, 1191 (Ala.Civ.App.1992).
The record discloses that each party had children by a prior marriage, each has been gainfully employed, the wife intermittently, during the marriage, and each is in relatively good health. Additionally, the record discloses evidence indicating that the husband made a substantial down-payment and payments on the marital home, and that the wife used the monies from her employment for her personal purposes. Even if this court would have decided differently, considering the record evidence and the appropriate factors, we cannot say that the trial court’s award is so disproportionate as to be inequitable or to constitute an abuse of discretion. Absent an abuse of discretion, we are without authority to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
The wife’s remaining issues concern whether the trial court abused its discretion by not awarding child support and alimony pendente lite, and by not ordering post-minority support for the minor child’s education expenses. The wife’s brief, however, offers no legal authority to support these issues. “This court pretermits decisions upon any issue that is not supported by citation of authority in brief.” Cotton v. State, 591 So.2d 862, 864 (Ala.Civ.App.1991).
Both parties’ requests for attorney fees on appeal are denied.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., dissents.