This is a divorce case.
In February 1992, Deanna N. Fowler (wife) sued for a divorce from Jonas Keith Fowler (husband), alleging incompatibility of temperament. Following ore tenus proceedings wherein the court heard evidence regarding the husband's conduct, the court, inter alia, divorced the parties on the ground of adultery, divided the property, and awarded the wife periodic alimony and attorney fees. The husband's post-judgment motion was denied by operation of law. Rule 59.1, A.R.Civ.P. The husband appeals, and the wife cross-appeals.
The husband argues that the trial court erred in divorcing the parties on the ground of adultery and that it improperly considered the alleged adultery in making its property and alimony awards. The wife argues that the trial court erred in failing to require the husband to designate the wife as the sole beneficiary for survivor annuity benefits on the husband's retirement accounts.
We note at the outset that when a trial court hears ore tenus evidence in a divorce proceeding, its judgment is presumed correct if it is supported by the evidence. *Page 435 Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith,475 So.2d 575 (Ala.Civ.App. 1985).
The husband initially argues that the trial court erred in granting the divorce on the ground of adultery, because he claims the evidence was insufficient to prove adultery. "While it is difficult and somewhat rare to prove adultery by direct means, the charge of adultery in a divorce case may be proven by circumstantial evidence which creates more than a mere suspicion." Billington v. Billington, 531 So.2d 924, 924
(Ala.Civ.App. 1988). Proof to support the charge of adultery "must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference." Boldon v. Boldon, 354 So.2d 275, 276
(Ala.Civ.App. 1978).
At the time of trial, the husband was 58 years old and the wife was 52 years old, and they had been married for approximately 32 years. The wife alleged that the husband was romantically involved with a 36-year-old co-worker; however, the husband and the co-worker maintained that they were merely "good friends." Telephone records admitted at trial disclosed numerous and lengthy calls between the husband and this co-worker, occurring almost daily. The husband testified that he had made several long-distance, collect calls to this co-worker. He further testified, and telephone records reflected, that the co-worker had called the husband while he was on business out of state. The telephone records disclosed that many of the calls were made at unusual times and from public telephones. The husband admitted to making several long distance telephone calls to the co-worker from the parties' lake cabin, while attending an out-of-state football game with his wife, and while visiting his parents out of state. The husband admitted while testifying that when his wife initially confronted him regarding the calls, he denied having telephone contact with the co-worker and told the wife that she "was crazy."
Testimony indicated that the co-worker had visited the parties' lake home and their marital residence. The husband testified that he had been to the co-worker's apartment on three occasions and that he had given her flowers and a gift. The wife testified that the husband had rejected her sexually and "in every way" beginning in the spring of 1991. She testified that he would not talk with her, that he would not let her get in his car or eat meals with him, and that he insisted on going to their lake house without her.
A licensed professional counselor who had counseled the parties testified that the relationship between the husband and the co-worker was "inappropriate" and "beyond just a normal business-office relationship" and that the husband was not "up front" with him regarding the extent of the relationship. The counselor further testified that he had recommended that the husband discontinue the frequent telephone calls, but that, although the husband promised to do so, he did not. The counselor also testified that the number of telephone calls indicated by the telephone records far exceeded the number admitted to him.
The husband testified that there had been sexual difficulties in the marriage for over 20 years, and he said the wife had abnormal sexual problems that caused an unsatisfactory sexual relationship. The wife's gynecologist testified that he had treated the wife for many years, and that he had no records indicating that the wife suffered from any sexual dysfunction. He testified that he had found nothing abnormal or unusual. The trial court found that the husband's allegations regarding the wife's sexual dysfunction were "wholly without merit."
Mere evidence of numerous telephone calls alone is insufficient to prove adultery. See Hooker v. Hooker,593 So.2d 1023 (Ala.Civ.App. 1991). Here, the trial court found that "the overwhelming weight of the evidence, cumulative in nature, leads to no other conclusion" than that the husband had committed adultery. In addition to the numerous telephone calls, the testimony in this case established that the husband and his co-worker did associate outside of the office, that the parties' counselor considered the relationship between the husband and his co-worker *Page 436 
inappropriate, that the husband had rejected his wife during the period in which the telephone calls occurred, and that the marriage had deteriorated.
While that evidence did create a suspicion of adultery, we cannot find that that evidence leads "to the conclusion of adultery as a necessary inference." Boldon at 276. Although the wife presented evidence regarding the alleged adultery of the husband, her complaint alleged incompatibility of temperament as the ground for divorce. While there was not sufficient evidence to support the claim of adultery, the evidence does support a finding of incompatibility. See Nickerson v.Nickerson, 467 So.2d 260 (Ala.Civ.App. 1985). Therefore, we reverse the trial court's judgment, and remand this cause, with instructions for the trial court to grant the divorce on the ground of incompatibility.
Next, the husband argues that the trial court erroneously considered the alleged adultery in making its awards. The trial court, inter alia, awarded the marital residence and one condominium to the wife, and awarded the lake home and the other condominium to the husband; the court further awarded $1000 per month in periodic alimony to the wife, as well as her attorney fees. The husband contends that the trial court based this award on the ground of adultery, and that this was error because, he argues, the evidence of adultery was insufficient.
The law is well settled that issues regarding alimony and issues regarding property division pursuant to a divorce rest within the sound discretion of the trial court, and that the court's rulings on those issues will not be disturbed on appeal except for a palpable abuse of discretion. Montgomery v.Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Further, those issues are interrelated, and in determining whether the trial court abused its discretion regarding either of those issues, the reviewing court must consider the entire judgment.Montgomery, supra. Likewise, an award of attorney fees is discretionary with the trial court. Chambliss v. Chambliss,587 So.2d 406 (Ala.Civ.App. 1991). In determining its awards in a divorce action, the trial court may consider many factors, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lones v. Lones,542 So.2d 1244 (Ala.Civ.App. 1989); Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). Even if a divorce is granted on the grounds of incompatibility, a trial court may consider fault when making a division of property. Lutz, supra, and Nickerson,supra.
The husband has a degree in mechanical engineering, is a civilian employee of the United States Army, earns approximately $60,000 per year, and will be eligible to receive retirement benefits from the United States Army Reserves and from the Civil Service Retirement System. The wife has a high school education, is employed part-time as a travel agent, earns approximately $20,000 per year, and will be entitled to no retirement benefits other than those to which she would be entitled pursuant to Social Security. The parties have two adult children, and the husband was the primary wage-earner during the marriage. The wife was either out of the work force or worked only part-time while the parties' children were young, and she now suffers from a thyroid condition that limits her availability for part-time work.
The evidence — not considering that evidence supporting the finding of adultery — is sufficient to support the trial court's awards. Furthermore, regardless of whether the divorce was granted on the ground of adultery, the trial court, in making the awards, could have properly considered the conduct of the parties. Lutz, supra, and Nickerson, supra. Therefore, we find no error.
On her cross-appeal, the wife contends that the trial court had the authority to designate the wife as sole beneficiary for the maximum survivor annuity in regard to the husband's civil service retirement benefits and United States Army Reserve retirement benefits. The trial court indicated an entitlement to such, but declined to make the award, stating:
 "It is the opinion of the Court that such an award would be just and equitable given the particular facts and circumstances of *Page 437 
this case. The Court declines to require the [husband] to designate [the wife] as beneficiary for the maximum survivor['s] benefit annuity only because the present State of Alabama law appears to prohibit such an order."
(Emphasis added.)
This court's holding that military retirement benefits are not subject to division as marital property, Vaughn v. Vaughn,634 So.2d 530 (Ala.Civ.App. 1992), was reversed by our Supreme Court in Ex parte Vaughn, 634 So.2d 533 (Ala. 1993). There, our Supreme Court stated "that disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn at 536. The Supreme Court also expressly overruled Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979), by stating, "to the extent that they are inconsistent with this holding, Kabaci and the cases relying on the rule of Kabaci are overruled." Ex parte Vaughn at 537. The judgment in the instant case was entered while Vaughn
was pending. The wife contends that, based upon our Supreme Court's decision in Ex parte Vaughn, we should remand this cause for a division of the retirement accounts.
This court has determined that, under the new rule in Exparte Vaughn, it is permissible for a trial court to order one spouse to provide the other spouse with a survivor's annuity.Landers v, Landers, 631 So.2d 1043 (Ala.Civ.App. 1993). On the authority of Ex parte Vaughn and Landers, we hold that in the instant case the trial court could have, in its discretion, made such an award of retirement benefits. The trial court's denial of the wife's request to order the husband to designate her for survivor annuity benefits was based upon the trial court's understanding that the law prohibited such an order. Therefore, we remand this cause for the trial court to make its determination without that prohibition.
Based upon the foregoing, we reverse the trial court's judgment of divorce on the ground of adultery, and remand the cause, with instructions for the trial court to grant the divorce on the grounds of incompatibility. We affirm the alimony award, the property division, and the attorney fee award; however, we also reverse the trial court's judgment regarding military retirement benefits, and remand this cause for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.