655 So.2d 1016 (1995)
Frank RAGAN, Jr.
v.
Marcia RAGAN.
AV93000519.
Court of Civil Appeals of Alabama.
January 6, 1995.
*1017 Jacqueline M. Hatcher, Tuscumbia, for appellant.
John B. Holt of Holt, McKenzie, Holt & Mussleman, Florence, for appellee.
YATES, Judge.
On July 20 1993, the parties separated; in October 1993, Frank Ragan, Jr., sued for a divorce from Marcia Ragan, alleging incompatibility of temperament. Following ore tenus proceedings, wherein the court heard evidence regarding the husband's conduct, the court, among other things, granted the divorce on the grounds of adultery, dividing the property and awarding the wife periodic alimony. The husband appeals, claiming: 1) that the trial court erred in granting the divorce on the ground of adultery and 2) that the division of property and the award of alimony were arbitrary, unjust, and an abuse of discretion. We affirm in part and reverse in part.
The parties had been married 24 years, and the one child born of the marriage had reached the age of majority before the husband sued for a divorce. The husband had worked as a security guard at Reynolds Metals Company for six years, earning $13.00 per hour. His income was approximately $42,000 in the year before the divorce was tried. The wife was 41 years old and had worked as a clerk at Shoals Hospital until 1984 when, because of severe depression, she was declared disabled. She received $707 per month in Social Security disability benefits and a $346.63 per month retirement pension from the hospital. She had had a long history of depression and mental illness. Approximately two weeks after the parties separated, she was hospitalized for severe depression; that hospitalization lasted for approximately two months.
*1018 "Proof to support a charge of adultery `must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference.'" Fowler v. Fowler, 636 So.2d 433, 435 (Ala.Civ.App.1994) (quoting Boldon v. Boldon, 354 So.2d 275, 276 (Ala. Civ.App.1978). Incidents of adultery occurring after a divorce complaint is filed are admissible to corroborate evidence of adultery before the date of filing, but cannot be the sole basis for granting a divorce on the ground of adultery. Smith v. Smith, 599 So.2d 1182 (Ala.Civ.App.1991).
We note that in response to the husband's divorce complaint the wife filed a general answer; she filed no counterclaim or amended answer alleging adultery. The evidence before the court on the issue of adultery included the husband's admission to having had sexual relations with a woman who was not his wife after the parties had separated and the wife's testimony that she believed that her husband was having an affair before he sued for a divorce. Based on a careful review of the record, we conclude that the evidence was insufficient to establish that the relationship preceded the filing of the complaint. Therefore, we reverse the judgment of the trial court to the extent that it was based on a finding of adultery, and we remand the cause with instructions for the trial court to base the divorce on the grounds of incompatibility. See Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App.1994).
The husband next contends that the division of the marital property and the award of alimony was arbitrary and unjust.
The wife was awarded the marital home, subject to the outstanding mortgage of approximately $34,000; certain personal property; a 1989 Oldsmobile, subject to an indebtedness of just under $4,000; one-half of the United States savings bonds ($2,700 at maturity); $5,000; and $1,000 per month alimony. The husband was awarded a 1977 Chevrolet Caprice automobile and a 1978 Chevrolet pick-up truck, with very little owing on the Caprice and nothing owing on the pick-up; all interest in his 401K savings plan; any interest in any other savings plan he might have; one half of the savings bonds ($2,700 at maturity); and certain other personal property. He was ordered to pay all outstanding debts incurred by the parties during the marriage, not already enumerated (this amounted to less than $5,000).
Based on the evidence of the wife's disability and on the other evidence presented, the trial court could have determined that the wife would never be able to earn a living. The parties had maintained a comfortable, although not extravagant, lifestyle for 24 years. Additionally, the trial court heard evidence that, until the parties separated, the husband was authorized to cash, and had cashed, the wife's disability checks. During 1993, he received checks totalling approximately $8,000, with only $1,700 having been deposited into the parties' joint bank account. The husband could not account for the remaining $6,300. That same year, he borrowed $7,000 from his 401K plan and, again, could not account for any of the monies.
The evidence indicates that after their separation, the husband harassed the wife and her family about the whereabouts of the Oldsmobile, and, without notice, stopped making payments on it. While the wife was in the hospital, the husband changed the locks on the doors of their home and allowed their son and daughter-in-law to move in. Upon her release from the hospital, the wife was totally excluded from her home.
While a property division need not be equal, it must be equitable. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985). Factors the trial court should consider when awarding alimony or dividing property are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982). Further, even if a divorce is granted on the grounds of incompatibility, a trial court can consider fault when dividing property. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ. App.1986).
Based on the above, and without considering the evidence concerning adultery, we conclude that there was sufficient evidence to *1019 support the trial court's property division and alimony award.
The husband's argument that the trial court should have disregarded his 401K plan is without merit. In fashioning its awards, a trial court is free to consider retirement benefits, including profit-sharing plans, as assets of the divorcing parties. Powell v. Powell, 628 So.2d 832 (Ala.Civ.App.1993). The husband's claim that the trial court was attempting to split the monies in the plan by awarding the wife $5,000 cash is ludicrous. There are numerous sources, including the two vehicles and any other accounts or savings plans that the husband might own, that could be used to obtain the $5,000. We affirm that portion of the judgment awarding alimony and dividing the marital property. The wife's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in part, and dissents in part.
THIGPEN, Judge, concurring in part, and dissenting in part.
I concur with the majority regarding the trial court's property division; however, because I would also affirm the trial court's judgment divorcing the parties on the grounds of adultery, I must respectfully dissent.
While I agree that incidents of adultery occurring after the filing of the divorce cannot be the sole basis for granting a divorce on the grounds of adultery, Smith v. Smith, 599 So.2d 1182 (Ala.Civ.App.1991), this record contains undisputed evidence that the husband began his adulterous relationship before he filed his complaint for divorce. The husband's uncontradicted testimony is that he began an adulterous relationship after their separation, and his recollection was that in deposition, he answered that the relationship was established in September or October. There is nothing in the record to indicate that his admitted adultery began only after he filed for divorce. The wife testified that her knowledge of the husband's adultery in July 1993 contributed to her depression and subsequent hospitalization for treatment of that depression. The wife's mother testified regarding her awareness of the husband's adulterous behavior "for years," and that the husband and the paramour had been seen together in 1992. The wife's medical records, relating to her hospitalization for depression a few months prior to the husband filing for divorce, indicate that the husband sent messages to the wife during her hospitalization that he was living with his paramour.
The case sub judice is distinguishable from Fowler v. Fowler, 636 So.2d 433 (Ala.Civ. App.1994), which concerns conclusions of adultery and discusses circumstantial evidence. It was unnecessary for the trial court in this case to make any conclusion regarding whether adultery occurred. The record contains direct, undisputed evidence, in the form of an admission by the husband, that adultery did in fact occur, and there remains only the question of when the adultery commenced. There is nothing in the record to indicate that the adulterous relationship began after the husband filed for divorce. The husband's admission attempts to draw a vague beginning point sometime in September or October, and there is ample, undisputed evidence indicating that the relationship began prior to his filing for divorce.
Because this record contains undisputed testimony that adultery actually occurred before the filing of the divorce, I find no error in the trial court divorcing the parties on the grounds of adultery. Therefore, I must respectfully dissent.