I concur with the majority regarding the trial court's property division; however, because I would also affirm the trial court's judgment divorcing the parties on the grounds of adultery, I must respectfully dissent.
While I agree that incidents of adultery occurringafter the filing of the divorce cannot be the sole basis for granting a divorce on the grounds of adultery, Smith v. Smith,599 So.2d 1182 (Ala.Civ.App. 1991), this record contains undisputed evidence that the husband began his adulterous relationship before he filed his complaint for divorce. The husband's uncontradicted testimony is that he began an adulterous relationship after their separation, and his recollection was that in deposition, he answered that the relationship was established in September or October. There is nothing in the record to indicate that his admitted adultery began only after he filed for divorce. The wife testified that her knowledge of the husband's adultery in July 1993 contributed to her depression and subsequent hospitalization for treatment of that depression. The wife's mother testified regarding her awareness of the husband's adulterous behavior "for years," and that the husband and the paramour had been seen together in 1992. The wife's medical records, relating to her hospitalization for depression a few months prior to the husband filing for divorce, indicate that the husband sent messages to the wife during her hospitalization that he was living with his paramour.
The case sub judice is distinguishable from Fowler v. Fowler,636 So.2d 433 (Ala.Civ.App. 1994), which concerns conclusions of adultery and discusses circumstantial evidence. It was unnecessary for the trial court in this case to make any
conclusion regarding whether adultery occurred. The record contains direct, undisputed evidence, in the form of an admission by the husband, that adultery did in fact occur, and there remains only the question of when the adultery commenced. There is nothing in the record to indicate that the adulterous relationship began after the husband filed for divorce. The husband's admission attempts to draw a vague beginning point sometime in September or October, and there is ample, undisputed evidence indicating that the relationship beganprior to his filing for divorce.
Because this record contains undisputed testimony that adultery actually occurred before the filing of the divorce, I find no error in the trial court divorcing the parties on the grounds of adultery. Therefore, I must respectfully dissent. *Page 1020